**Exhibit 5**

**Documents Provided and or Reviewed**

**APH Documents**[*]
1. Accounts receivable aging
2. Accounts receivable distribution to general ledger report
3. Accounts receivable open items purge report
4. Bank deposit slips-2003 and 2004
5. Bank statements
6. Cash receipts report
7. Corporate Book
8. Customer invoices (as selected)
9. Customer list
10. Daily flight logs
11. Daily sales analysis
12. Deposit Control Sheets
13. Discounted Customer Report 2002-2005
14. Draft review financial statements December 31 2004 and December 31, 2003
15. Financial statements December 31, 2003 (review) and December 31, 2002 (audit)
16. Financial statements December 31, 2002 and December 31, 2001 (audit)
17. Fuel invoices- except 2001
18. Fuel tickets
19. General ledgers
20. Monthly tax report except 2002
21. Monthly landing reports
22. NYS Sales & Use Tax Return, 2001 – 2003, and the 4th Quarter of 2000
23. Ops transaction journals
24. Sales history reports
25. Sales journals
26. Tax return-Form 1120S for the years ended December 31, 2001 – 2004
27. Trial balances
28. Various internal worksheets relating to sales and fuel taxes

**Other documents**
1. APNY general ledgers (2004 – 2005), Form 1120S (2003 – 2004), income statements (2004 – 2005), balance sheet trial balance (2002 – 2005) and bank statements (2003 – 2005)
2. APH Monthly Reports to the Trust for the Relevant Period
3. Form 1120S; 2001 – 2004 for:
    i. Air Pegasus Corporation
    ii. Air Pegasus Enterprises, Inc.
    iii. Air Pegasus Ventures, Inc.
4. Form 1040, Sch C. for Alvin Trenk; 2001 – 2004
5. Form 1120S for Trenk Enterprises, Inc., 2001

---

[*] APH documents were for the Relevant Period unless otherwise noted

Page 1 of 2                                             Exhibit V

Other documents (continued)
6. Permit No. XW307 – Agreement dated March 25th, 1996, between New York State Department of Transportation and Air Pegasus Heliport, Inc.
7. Agreement dated May 1996 between Air Pegasus Heliport, Inc. and Liberty Helicopter Tours, Inc.
8. First Modification to Agreement (dated May 1996) to be effective as of December 31, 1996.
9. Consulting Agreement dated December 31, 1996 between Liberty Helicopter, Inc. and Air Pegasus of New York, Inc.
10. Superior Court of New Jersey Law Division: Union County Docket Number: UNN – L – 2713 – 03, Air Pegasus of New York, Inc., a Delaware corporation, and Air Pegasus Heliport, Inc., a Delaware corporation, Plaintiffs, vs. Liberty Helicopter Tours, Inc., a New York corporation, Defendant, Order, dated July 25th, 2003
11. Arbitration and Monitor Agreement dated June 2nd, 2004 between Sightseeing Tours of America, Inc. and Air Pegasus of New York, Inc.
12. Arbitrator Determination (Re: Claims against the Accounting firm of Lawlor, O'Brien & Chervenak) dated December 8, 2004, In Re: Arbitration & Monitor Agreement Dated June 2, 2004
13. Arbitrator Determination Regarding Various Issues dated April 8, 2005, In Re: Arbitration & Monitor Agreement dated June 2, 2004
14. Response by the Trust to the draft audit report issued by the State of New York, Office of the State Comptroller dated October 15, 2004
15. Audit report of the State of New York, Office of the State Comptroller of the Trust's systems of internal controls dated January 4, 2005
16. Follow-up audit report to the Trust by the State of New York, Office of the State Comptroller dated April 6, 2006
17. Monthly HRPT Percentage Fee and Use Charges Invoices and Permit Fee Invoices for the period April 2001 to March 2005 for the Relevant Period
18. APH monthly reports to the Trust for the Relevant Period and subsequent monthly reports through May 31, 2006
19. Draft auditor's report dated April 29, 2002 prepared by Citrin Cooperman & Company, LLP relating to Hudson River Park Trust- Schedule of Additional Rents Due Under a Lease between Hudson River Park Trust, and Air Pegasus Heliport, Inc. for the period April 1, 1999 to March 31, 2001
20. Various correspondence relating to this engagement between APH, HRPT, KTG, Lentz & Gengaro, and Kramer, Love & Cutler LLP

Liberty Documents
1. STA financial statements for the year ended December 31, 2001
2. STA Form 1120 for years ended December 31, 2002 and 2001
3. Stockholder Report as of April 30, 2005
4. Schedule of Trenk Related Payments
5. Various Liberty general ledger print-outs and other accounting documents

## SETTLEMENT AGREEMENT

THIS Settlement Agreement is entered into on the 22nd day of November, 2006 between Air Pegasus Heliport, Inc. ("APH"), Air Pegasus of New York, Inc. ("APNY") and the Hudson River Park Trust ("HRPT").

WHEREAS, APH is the fixed base operator of the West 30th Street Heliport in New York (the "Heliport") pursuant to a Permit (the "Permit") with the New York State Department of Transportation, a predecessor of the Hudson River Park Trust ("HRPT"), dated March 25, 1996; and

WHEREAS, pursuant to the Permit, APH is obligated to pay, among other things, a percentage of its gross receipts, as that term is defined in the Permit, to the HRPT the ("Percentage Fee"); and

WHEREAS, pursuant to the Permit, the HRPT has the right to inspect certain books and records of APH; and

WHEREAS, the HRPT commenced an inspection of APH's books and records in early 2005 (the "Audit"); and

WHEREAS, APH filed a declaratory judgment action against the HRPT in the Supreme Court of the State of New York entitled *Air Pegasus Heliport, Inc. v. Hudson River Park Trust*, Index Number: 60251/05 (the "APH DJ Action") pursuant to which APH sought, among other things, judicial resolution of the breadth and scope of the HRPT's audit rights under the Permit; and

WHEREAS, APNY is a party to a Consulting Agreement between Liberty Helicopter Tours, Inc. (NY) ("Liberty"), APNY and others dated December 31, 1996 (the "Consulting Agreement") pursuant to which APNY is entitled to receive 5% of Liberty's gross receipts

related to its sightseeing operations conducted from the West 30th Street Heliport (the "Heliport") and all heliports within 20 mile of the Heliport. A copy of the Consulting Agreement is attached as Exhibit A; and

WHEREAS, the Consulting Agreement was modified by an Arbitrator Determination Regarding Various Issues dated April 8, 2005 (the "Arbitrator Determination") which, among other things, reduced the payment due to APNY under the Consulting Agreement from 5% to 3.5%. A copy of the Arbitrator Determination is attached as Exhibit B; and

WHEREAS, the HRPT has filed a lawsuit against APH, APNY and Alvin S. Trenk ("Trenk") in the Supreme Court of the State of New York entitled *Hudson River Park Trust v. Air Pegasus Heliport, et al.*, Index Number: 600035/06 (the "HRPT Action") pursuant to which the HRPT seeks, among other things, to recover certain sums it alleges were due to it from APH under the Permit. The APH DJ Action and the HRPT Action shall be referred to collectively as the "Litigations;" and

WHEREAS, the HRPT has alleged in the HRPT Action that it is owed a Percentage Fee of all of the consulting fee payments that APNY has received from Liberty under the Consulting Agreement, as modified by the Arbitrator Determination, which are related to Liberty's sightseeing operations conducted from the Heliport (the "APNY Consulting Fee Payment Claim"); and

WHEREAS, the HRPT concedes that it is not owed any Percentage Fee of consulting fee payments that APNY has received from Liberty which are related to Liberty's sightseeing operations conducted from heliports other than the West 30th Street Heliport; and

WHEREAS, none of the parties has admitted any fault, wrongdoing or liability in connection with the Litigations or otherwise; and

2

WHEREAS, the parties have agreed to settle the claims asserted in the Litigations, pursuant to the terms and conditions of this Settlement Agreement.

NOW, THEREFORE, based on and in consideration of the foregoing premises, and in consideration of the mutual covenants set forth herein, APH, APNY and the HRPT agree as follows:

1. **Payment to HRPT.** Simultaneously with execution hereof, APH shall pay HRPT $462,387.00 (the "Payment"). The parties agree that the Payment is in full and complete satisfaction of the APNY Consulting Fee Payment Claim through January 31, 2006. Upon execution hereof, APH shall also pay to the HPRT such additional amounts as may be owed to the HRPT pursuant to Section 2(a) below for the period from February 1, 2006 through October 31, 2006. Such payment by APH will be accepted by the HRPT subject to HRPT's inspection and audit rights set forth in Section 2(b) below.

2. **Clarification of Permit Terms.**

    (a) *Gross Receipts.* APH, APNY, and the HRPT agree that the term "gross receipts" as used in Section 6(b) of the Permit shall include all payments that APNY receives pursuant to the Consulting Agreement, as modified by the Arbitrator Determination, related to Liberty's sightseeing operations conducted only from the West 30th Street Heliport.

    (b) *Inspection Rights.* APH, APNY and the HRPT agree that the HRPT's inspection and audit rights as set forth in Section 7 of the Permit shall extend to APNY and shall be deemed to provide the HRPT with access to all financial information of APH and APNY including, without limitation, all expense records of each.

3

3    **Completion of Audit/Status of APH.**

(a)    *HRPT Acknowledgments.* The HRPT hereby acknowledges that (i) the Audit (which was at issue in the APH DJ Action) has been completed; (ii) APH and APNY (and other entities from which the auditors requested information and documents) fully cooperated with the auditors by providing them with all requested information and documents; (iii) it has no knowledge that APH is in violation of any of the provisions of the Permit and, accordingly, APH is in good standing with the HRPT; (iv) APH shall have the right to submit a response to the final version of the Auditor's Report which shall be attached to the Report; and (v) it is the HRPT's interpretation of the Hudson River Park Act that no operator other than current permitee can be allowed to operate the West 30th Street Heliport. The HRPT shall not use the Litigations as a basis for disqualifying APH from any HRPT Request for Proposal ("RFP") and APH shall have the right to respond to any such RFP.

(b)    *APH Acknowledgments.* Inasmuch as pursuant to the Hudson River Park Act, no operator other than current permitee can operate the West 30th Street Heliport, APH acknowledges that: (i) the issuance of an RFP by the HRPT for development and operation of a new heliport at a location other than the current location at West 30th Street (a "New Heliport") is consistent with the HRPT's statutory obligations under the Hudson River Park Act; (ii) Section 48 of the Permit does not provide APH with any greater rights than any other third party responder to an RFP; and (iii) a termination of the Permit by the HRPT in connection with the physical construction of a New Heliport that occurs pursuant to an RFP: (x) will not be deemed a prohibited termination of the Permit under Section 48 thereof, and (y) is acknowledged by APH to be in accordance with the HRPT's rights under the Permit.

4

4. **Releases.**

(a) APH and APNY, their employees, agents, shareholders, directors, officers, successors and assigns, including Alvin S. Trenk, Abigail S. Trenk and Steven L. Trenk (collectively, the "APH Releasors") hereby release and forever discharge the HRPT, its employees, agents, shareholders, directors, officers, successors and assigns (collectively, the "HRPT Releasees") from any and all claims made by them in the APH DJ Action.

(b) HRPT, its employees, agents, shareholders, directors, officers, successors and assigns (collectively, the "HRPT Releasors") hereby release and forever discharge APH and APNY, their employees, agents, shareholders, directors, officers, successors and assigns, including Alvin S. Trenk, Abigail S. Trenk and Steven L. Trenk (collectively, the "APH Releasees") from: (i) any and all claims made by the HRPT in the HRPT Action; and (ii) any and all claims based on information and documents provided during the Audit; and (iii) any and all claims now actually known to HRPT. Notwithstanding the foregoing, this release shall not apply to, and shall not be deemed to release: (x) any claims that arise out of information or documentation requested by the auditors in connection with and during the course of the Audit but was not provided to them; or (y) any claims arising from fraud by APH, APNY, or any of their respective principals, officers, directors, or shareholders including, without limitation, Alvin S. Trenk, Steven L. Trenk, or Abigail S. Trenk.

5. **Completeness of Agreement.** Except for the Permit, this Settlement Agreement contains all of the terms and conditions agreed upon by the parties with reference to the subject matters contained herein. No other agreement, except for the Permit, oral or otherwise, will be considered to exist between or to bind the parties hereto. No representative of any party to this Settlement Agreement had, or has, any authority to make any representation or promise not

contained in this Settlement Agreement, and each of the parties to this Settlement Agreement acknowledges that such party has not executed this Settlement Agreement in reliance upon any such representation or promise. This Settlement Agreement cannot be modified except by a written instrument signed by all parties.

6. **Severability.** If any portion or provision of this Settlement Agreement is held unconstitutional, invalid, or unenforceable by any court of competent jurisdiction, the remainder of the Settlement Agreement will be considered severable, will not be affected, and will remain in full force and effect.

7. **Voluntary Execution.** The parties acknowledge that they have each thoroughly read this Agreement, understand it, and is entering into it of its own free will.

8. **Governing Law; Jurisdiction.** This Agreement will be interpreted and construed for all purposes under the laws of the State of New York without regard to its conflicts of laws principles, and all disputes arising under or out of this Settlement Agreement will be brought in courts of competent jurisdiction located within the State of Now York. The parties consent to the personal and exclusive subject matter jurisdiction of the Courts of the State of New York in connection with any and all disputes arising out of this Settlement Agreement.

9. **Legal Counsel.** The parties all acknowledge that each has been represented by legal counsel throughout these proceedings and that, by this Settlement Agreement, each has been advised, in writing, of his right to consult legal counsel prior to signing this Settlement Agreement. Each party further acknowledges that, to the extent it has wished to avail itself of that right, it has done so.

10. **Construction.** This Settlement Agreement is the product of negotiation by the parties and all parties' counsel participated in the drafting and revision of this Settlement

6

Agreement. Therefore, this Settlement Agreement shall not be construed or interpreted more strictly against any party based on that party's counsel having drafted this Settlement Agreement.

11. **No Waiver.** The failure of any party to insist upon the strict performance of any of the provisions of this Settlement Agreement, or to exercise any of the rights afforded under this Settlement Agreement, shall in no way constitute a waiver of any subsequent default of the same or similar nature or a waiver of that party's right to insist on strict performance in the future.

12. **Discontinuance of Litigations.** Simultaneously with the execution of this Settlement Agreement, APH, APNY, Trenk and the HRPT shall cause all claims that they have asserted in the Litigations to be discontinued with prejudice.

13. **Duplicate Originals.** This Settlement Agreement may be executed in counterparts, with each counterpart being equally effective.

14. **Binding Effect; No Third Party Beneficiaries.** This Agreement binds only the signatories hereto, none of whom have acted in any representative capacity or on behalf of any third party or other entity. No third parties shall have any rights under this Agreement.

15. **Facsimile Signatures.** Facsimile signatures shall be as effective as original signatures.

[Balance of page intentionally left blank]

WHEREFORE, the parties have set their hands and seals as of the date first written above.

AIR PEGASUS HELIPORT, INC.

By: _____
Abigail S. Trenk, President

AIR PEGASUS OF NEW YORK, INC.

By: _____
Alvin S. Trenk, President

HUDSON RIVER PARK TRUST

By: _____
Connie Fishman, President

_____
Alvin S. Trenk, Individually, as to Section 4, only

_____
Abigail S. Trenk, Individually, as to Section 4, only

_____
Steven L. Trenk, Individually, as to Section 4, only

8