body.

4. The Hudson river park advisory council may hold public meetings and may advise and make recommendations to the board of directors of the trust on all matters regarding the planning, design, construction and operation of the park.

5. The trust shall provide the Hudson river park advisory council with such staff support as the trust determines is required for the performance of the advisory council's duties.

6. Members of the Hudson river park advisory council shall serve without compensation.

Sec. 16

s 16. Conceptual design for further parkland along the Hudson river. The legislature hereby specifically directs the state's Hudson river greenway community council to develop a conceptual design for a park which extends from 59th street to the northern border of the county of New York along the Hudson river and to report its findings regarding the same to the governor of the state and the mayor of the city of New York within two years of the effective date of this act.

Sec. 17

s 17. Severability. If any judgment or order of any court shall nullify, limit or invalidate any provision or application of this act, that judgment or order shall not be construed as nullifying, limiting or invalidating any other provisions or application of this act.

Sec. 18

s 18. This act shall take effect immediately.

NY LEGIS 592 (1998)

END OF DOCUMENT

# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X

Air Pegasus Heliport, Inc.,
Plaintiff,

- against -

Hudson River Park Trust

Defendant.
---------------------------------------------------------------X

INDEX NO.: 05602518

VERIFIED COMPLAINT
FOR
DECLARATORY JUDGMENT

[FILED stamp: COUNTY CLERKS OFFICE NEW YORK, JUL 12 2005]

Plaintiff Air Pegasus Heliport, Inc., by way of declaratory judgment complaint against defendant Hudson River Park Trust, avers as follows:

### FIRST COUNT

1. Plaintiff Air Pegasus Heliport, Inc. ("APH") is a corporation organized and existing under the laws of the State of Delaware which has offices in New Jersey and conducts business at the West 30th Street Heliport, New York, New York.

2. Plaintiff Air Pegasus of New York, Inc. ("APNY") is a corporation organized and existing under the laws of the State of Delaware which conducts business in New York and in New Jersey.

3. Defendant Hudson River Park Trust ("HRPT") is a public benefit corporation of the State of New York.

4. On March 25, 1996, APH entered into a Permit (the "Permit") with the Department of Transportation of the State of New York (the "DOT"), its successors and assigns, pursuant to which APH was granted the right to operate the West 30th Street Heliport (the

"Heliport"). Prior to 1996, beginning in or about 1980, APH' predecessor was the fixed base operator of the Heliport. Thus, APH and/or its predecessors have been operating the Heliport for about a quarter of a century.

5. The HRPT is a successor in interest to, and/or an assignee of, the DOT's rights under the Permit. For ease of reference, hereinafter this complaint will refer to the HRPT as the party to the Permit, unless otherwise indicated.

6. APH and the HRPT (originally, the DOT) are the only parties to the Permit.

7. The Permit provides that APH will pay to the HRPT 10% of its gross receipts between $250,000 and $1,000,000; 11% of its gross receipts between $1,000,000 and $2,000,000; and 12% of its gross receipts over $2,000,000 (the "Percentage Payment").

8. The term gross receipts is defined in the Permit as follows:

> The term "gross receipts" shall include all monies paid for services rendered beginning on the Commencement Date and ending on the Termination Date to the Operator [APH] for the landing, take-off and parking of aircraft at the Heliport (including all fees as set forth in paragraph (c) hereof) and all other monies paid to the Operator [APH] for sales made or services rendered at or from the Heliport regardless of when or where the order therefore is received at the Heliport and any other revenue of any type arising out of or in connection with the Operator's [APH's]operations at the Heliport....

*See* Permit at §6(b).

9. The Percentage Payment is calculated without regard to APH's expenses, expenditures, or profits. It is a function of gross receipts only.

10. APH is required, under the Permit, to maintain certain records and the HRPT is granted the right to audit these required records. Specifically, the Permit provides as follows:

> In connection with the exercise of the privileges granted hereunder, the Operator [APH] shall:
>
> (c) <u>set up and thereafter continually maintain</u> during the effective period of this Agreement, and preserve after the

- 2 -

> expiration or earlier termination or revocation thereof for a period extending until the earlier of (i) the completion of a close out audit or, (ii) three years following the date of expiration, termination or revocation <u>such a system of books, records and accounts as may be adequate and appropriate for the recording with respect to the Heliport of sightseeing passenger counts, all arrival and departures of all aircraft,</u> (regardless of whether a fee is charged therefore and including all of the Operator's aircraft operations, if any, at the Heliport) <u>times and dates thereof the type and registration number of the aircraft, the time of parking and storage thereof and the charges incurred by all aircraft during their stay at the Heliport, for the recording of all transactions pertaining to the Operator's flight operations, if any, the dispensing of aviation fuel at the Heliport into aircraft, including the fuel charges,</u> and such other information as the Department may reasonably from time to time require. Such system shall be in accordance with accepted accounting practice. In the event the close out audit shall not have been completed by the end of the third year following expiration, termination or revocation of this Agreement, such records shall be maintained at the sole expense of the Department. As an aid to this <u>the Operator shall utilize such sales slips and invoicing machines and any other equipment or devices as may be necessary or appropriate to the Operator's operations thereunder and to enable the Operator to keep accurate records as hereinbefore stated. The Operator shall also permit</u> in ordinary business hours during the effective period of this Agreement and for one (1) year thereafter and during such further period as hereinbefore mentioned, <u>the examination, inspection and audit by the officers, employees and representatives of the Department of all of the aforesaid records, books, accounts, sales slips, invoicing machines and other devices as well as the records produced thereby, and also any records and books of account of any company which is owned or controlled by the Operator, or which owns or controls the Operator. If said company performs services, similar to those performed by the Operator under this Agreement, anywhere in the Port of New York District.</u>

See Permit at ¶7(c) (emphasis supplied).

11. The reason that APH must maintain these records and allow the HRPT to audit them is so that the HRPT can verify that APH has accurately accounted for its gross receipts and remitted the proper percentage payment to the HRPT.

- 3 -

(a) Declaring that the HRPT only has the right to audit the records of APH which are relevant to ascertaining APH's gross receipts;

(b) declaring the all of APH's customer information, bank records, income tax returns and bank records shall be deemed confidential and shall not be subject to a Freedom of Information Law request;

(c) Declaring that APNY is not obligated to provide any records to the HRPT and that the HRPT is not entitled to audit any records of APNY;

(d) Restraining and enjoining the HRPT from terminating the Permit or declaring APH in default; and

(e) For such other and further relief as this Court deems equitable and just.

Respectfully submitted,

Fisher Porter Masi & Thomas
488 Madison Avenue, Suite 1100
New York, NY 10022-5720
Attorneys for Plaintiff
Air Pegasus Heliport, Inc.

By: _____
    Jay D. Fischer
    A Member of the Firm

Of Counsel
Christopher P. Gengaro, Esq.
Lentz & Gengaro
443 Northfield Avenue
West Orange, NJ 07052

- 5 -

## CERTIFICATION OF VERIFICATION AND NON-COLLUSION

Alvin S. Trenk, of full age, certifies as follows:

1. I am the Chairman of Air Pegasus Heliport, Inc., the plaintiff in this action.

2. The allegations set forth in the within Complaint are true to the best of my knowledge, information and belief. The allegations set forth in the within Complaint are made in truth and good faith and without collusion for the causes set forth herein.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:

_____
Alvin S. Trenk