the Heliport, rather than for any legitimate services provided by APNY to Liberty.

55.    As a result of the foregoing, a portion of the payments made by Liberty to APNY, with the knowledge and consent of APH and Trenk, were due and owing to the State and the Trust pursuant to the Permit.

56.    The transactions alleged above were part of a scheme and conspiracy among APH, APNY, and Trenk which was intended to breach to the Permit and deprive the State and plaintiff of the fees to which it was entitled pursuant to the Permit.

57.    To the extent that the percentage of the fees paid to APNY by Liberty which were due to the State and the Trust were not paid pursuant to the Permit, APNY has been unjustly enriched at the expense of the State and the Trust.

58.    As a result, APNY is liable to plaintiff for the amount by which it has been so enriched.

59.    By orchestrating, directing and controlling the above scheme, defendant Trenk unlawfully caused APH to breach the Permit and unlawfully caused APNY to retain funds which should have been paid to the State and the Trust pursuant to the Permit.

60.    As a result, defendant Trenk is individually liable for the amount improperly and unlawfully retained by APNY at the expense of the State and the Trust.

WHEREFORE, Plaintiff demands judgment as follows:

-14-

A. On the first cause of action against defendant APH for damages in an amount to be determined upon trial based upon defendant's failure to pay the percentages of gross receipts due under the terms of the Permit, together with interest thereon from the dates such percentages were due to be paid until entry of judgment;

B. on the second cause of action against defendants APH, APNY and Trenk for damages in an amount to be determined at trial based upon APH's breach of the Permit induced and caused by defendants Trenk and APNY, together with interest thereon from the dates when such breaches occurred until entry of judgment;

C. On the Third Cause of Action against defendants APNY and Trenk for damages in an amount to be determined at trial by which APNY has been unjustly enriched by receiving and retaining funds which were due to the State and the Trust pursuant to the Permit, together with interest thereon from the dates when APNY improperly received such funds until entry of judgment;

-15-

D. Such other, different and further relief as the Court may determine to be just and proper based on the facts and law, together with the costs and attorneys' fees of this action.

January 4, 2006        Yours etc.,
Konner, Teitelbaum & Gallagher
Attorneys for Hudson River Park Trust
462 Seventh Avenue-12th Floor
New York, New York 10019


By: Brian P. Gallagher
    A Member of the Firm

-16-

F:\COMMON\Docs\HudsonRiverPark\6193.0061\HRPT Complaint.wpd