UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

NEW YORK HELICOPTER CHARTER, INC.,                    Case No. 07-Civ.-4069 (MGC)
and MICHAEL ROTH individually

                           Plaintiff,

             -against-                                AFFIRMATION IN
                                             OPPOSITION TO PLAINTIFFS'
                                           <u>ORDER TO SHOW CAUSE</u>

AIR PEGASUS HELIPORT, INC., and
HUDSON RIVER PARK TRUST,

                        Defendants.

------------------------------------------------------------------X

      MICHAEL A. GOULD, an attorney duly admitted to practice in the Courts of the State of

New York and in the United States District Court for the Southern District of New York, affirms

the following to be true under the penalties of perjury:

      1.     I am associated with Konner Teitelbaum & Gallagher, counsel for Defendant

HUDSON RIVER PARK TRUST ("HRPT" or the "Trust"). As I have been involved with the

instant case from its inception, I am fully familiar with the facts and circumstances hereinafter set

forth.

      2.     This Affirmation is submitted in opposition to the undated and unsigned Order to

Show Cause served by Plaintiffs NEW YORK HELICOPTER CHARTER, INC. ("NYHC") and

MICHAEL ROTH individually (collectively at times the "Plaintiffs"), at the Court conference on

October 11, 2007, and the unsworn supporting affidavit of MICHAEL ROTH (collectively the

"Order to Show Cause").

      3.     When the parties appeared in at the conference on October 11, 2007, the Court

declined to sign the requested Order to Show Cause, but advised the parties that it would

consider the issues therein on October 25, 2007, the return date of the Defendants' presently

pending Motions to Dismiss.[1]  Although it is unclear whether any response to the Order to Show

Cause is required, if the Court is disposed to consider the motion for injunctive relief brought on

by such Order, the Trust respectfully submits that the motion is without merit because: (a) a

motion for identical relief is presently pending in the Supreme Court of the State of New York,

County of New York, (b) that the Order to Show Cause completely fails to demonstrate any

irreparable injury; and (c) Plaintiffs cannot show a likelihood of success on the merits.

4.       The first reason for the Court to deny the Order to Show Cause is that a motion

for identical relief has previously been made by Plaintiffs in the Supreme Court of the State of

New York, County of New York, in an action commenced by NYHC entitled *New York*

*Helicopter Charter, Inc. vs. Air Pegasus Heliport, Inc., Air Pegasus New York, Inc., and Hudson*

*River Park Trust*, New York County Index No. 601327/2006 (the "State Action"). That motion

has been argued and submitted, and is presently *sub judice*.

5.       By order to show cause dated May 11, 2007, Exhibit "A", NYHC sought identical

relief in the State Action, i.e., "Granting a preliminary injunction pursuant to CPLR §6301

restraining and enjoining defendants AIR PEGASUS HELIPORT, INC., and AIR PEGASUS

NEW YORK, INC., from prohibiting the plaintiff the use, occupancy and rental of the West 30th

Street Heliport."

6.       NYHC's order to show cause in the State Action was argued at length, and the

assigned judge (Herman Cahn, J.), heard oral evidentiary testimony.  Justice Cahn has not

decided that motion at this time. Plaintiffs' request for the same relief from this Court is therefore

blatantly improper.

---

[1]The Court is respectfully referred to the facts as set forth in the Motions to Dismiss by
Defendant HRPT and Defendant AIR PEGASUS HELIPORT, INC. ("APH" or "Air Pegasus").

7.    Indeed, it is questionable whether this Court even has jurisdiction to grant relief previously sought by Plaintiffs in the State Court Action. Plaintiff MICHAEL ROTH's affidavit in support of the Order to Show Cause disingenuously alleges that "No prior application for the relief within has been made to this or any court of competent jurisdiction except for an order to show cause brought in April, 2006, which application was settled and resulted in a so-ordered stipulation dated May 4, 2006, which is now the subject of a State Supreme Court case which status is reflected in the attached letter, without pleadings, from Andrew D. Greene, P.C. dated October 10, 2007." Although Mr. Greene's letter does refer to the motion pending before Justice Cahn, it gives no details, and Mr. Roth's statement that no prior application for the relief sought by this Order to Show Cause has been made to this or any other court is plainly misleading, since, in fact, a prior application for the same relief has been made to a court of competent jurisdiction.

8.    More important, this motion for injunctive relief should be denied because it completely fails to demonstrate the required irreparable harm or likelihood of success on the merits as required for injunctive relief.

9.    There is no doubt that any injury suffered by Plaintiffs will be compensable by money damages, which is what Plaintiffs seek, whether phrased in terms of "losing almost $40,000 per weekend,"[2] or inability to pay their lenders,[3] or paying more to refuel their helicopters in New Jersey.[4]  It is well-established that the loss of revenue does not constitute an irreparable injury, as a matter of law. *See Sportschannel America Associates vs. National Hockey League*, 186 A.D.2d 417, 418, 589 N.Y.S.2d 2 (1st Dept. 1992) ("damages compensable

---

[2] Affidavit of MICHAEL ROTH, paragraph "12."
[3] Ibid, paragraph "16."
[4] Ibid, paragraph "19."

in money and capable of calculation, albeit with some difficulty, are not irreparable" [additional

citations omitted]); *J.O.M. Corp. vs. Department of Health of the State of New York*, 173 A.D.2d

153, 569 N.Y.S.2d 66 (1st Dept. 1991) ("monetary harm which can be compensated by damages

does not constitute irreparable injury" [additional citations omitted]).

10.    In addition, Plaintiffs have not shown a likelihood of success on the merits and

cannot do so. Indeed, in reasoning so specious that it borders on frivolous, the Plaintiffs claim on

the one hand that the Heliport is illegal and should be shut down, and on the other that this Court

should order APH to permit them to use it. As the Plaintiffs admit at paragraph "22" of the

Order to Show Cause, they commenced this suit, *inter alia*, to <u>close</u> the 30th Street Heliport, due

to their allegations concerning APH's permit not being granted by competitive bidding, the

allegedly improper settlement of an unrelated action to which they were not parties, the heliport

operating in an allegedly improper location, and a number of other baseless reasons. At the same

time, the Plaintiffs now seek to <u>use</u> the heliport which they claim is illegal, "under the same

terms and conditions as those similarly situated,"[5] for an indefinite period of time, because, they

claim, Air Pegasus operates the 30th Street Heliport "in the public interest, pursuant to a permit

from a quasi-governmental agency (HRPT)."[6]

11.    In fact, as demonstrated in the Trust's memorandum of law in support of its

Motion to Dismiss, it is well-established that HRPT, a public benefit corporation, is neither the

State of New York nor an agency or political subdivision of the State of New York. *See*

*Methodist Hospital of Brooklyn vs. State Insurance Fund,* 102 A.D.2d 367, 377, 479 N.Y.S.2d

11 (1st Dept. 1984), *aff'd,* 4 N.Y.2d 365 (1985); *Lancaster Development, Inc. vs. Power*

---

[5]Ibid, paragraph "2."
[6]Ibid, paragraph "35."

*Authority of State of New York, et. al.*, 145 A.D.2d 806, 535 N.Y.S.2d 654 (3rd Dept. 1988), *leave to appeal denied*, 74 N.Y.2d 612, 547 N.Y.S.2d 846 (1989); *Kadish v. Roosevelt Raceway Associates, L.P.*, 183 A.D.2d A.D.2d 874, 584 N.Y.S.2d 592 (2nd Dept. 1992). Moreover, regarding Plaintiffs' claims concerning the "the public interest," the Appellate Division, First Department, construing the roles of APH and HRPT regarding the same heliport, has specifically ruled that "the public does not have any protected interest in helicopter sightseeing at given rates." *Sightseeing Tours of America, Inc., et. al. vs. Air Pegasus Heliport, Inc. and Hudson River Park Trust*, ___ A.D.2d ___ , New York County Index No. 107779-2006, a copy of which is annexed as Exhibit "B."

12.    In addition, for all of the reasons set forth in the pending motions to dismiss this action, Plaintiffs plainly cannot demonstrate a likelihood of success on the merits of this action.

13.    Accordingly, the Trust submits that the Order to Show Cause for injunctive relief should be denied.

14.    I hereby certify that the allegations in this Affirmation are not frivolous, as said term is defined by the Rules of Court.

WHEREFORE, HRPT requests that this Court deny relief sought by the Order to Show Cause.

Dated: New York, New York
       October 16, 2007

_____
Michael A. Gould

# EXHIBIT A

At an IAS Part 49 of the Supreme Court of the State
of New York held in and for the County of New York
on the 31 day of MAY , 2007

PRESENT: _____CAHN_____

J.S.C.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NEW YORK HELICOPTER CHARTER, INC.,                   Index No. 601327/06

Plaintiff,

-against-                                            **ORDER TO SHOW CAUSE**

AIR PEGASUS HELIPORT, INC. AIR PEGASUS             Assigned to:
NEW YORK, INC. and HUDSON RIVER PARK TRUST,        Justice Herman Cahn

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Upon reading and filing the affidavit of Michael Roth sworn to May 22, 2007, the affirmation

of Robert Hantman dated May 15, 2007, the Summons and Verified Complaint dated March 30,

2006, the Verified Answer of Air Pegasus Heliport, Inc. and Air Pegasus New York, Inc. dated April

10, 2007, the Verified Answer of Hudson River Park Trust dated May 26, 2006, the Settlement

Agreement dated April 28, 2005, the so-ordered Stipulation of Settlement dated May 4, 2006, and

the exhibits annexed hereto,

**LET** the defendants, AIR PEGASUS HELIPORT, INC. and AIR PEGASUS NEW YORK,

INC., show cause before this Court at an IAS Part 49 to be held at the Courthouse at 60 Centre

Street, New York, New York on the 6 day of June, 2007 at 9:30 in the forenoon, or as

soon thereafter as counsel can be heard, why an order should not be entered as follows:

(a)    Granting a preliminary injunction pursuant to CPLR §6301 restraining and

enjoining defendants AIR PEGASUS HELIPORT, INC. and AIR PEGASUS

NEW YORK, INC. from prohibiting the plaintiff the use, occupancy and

rental of the West 30th Street Heliport; and

(b)    For such other, further and different relief as this court may seem just and

proper in the premises; and it is further

~~ORDERED, that pending the hearing and determination of this motion, the defendants, AIR~~

~~PEGASUS HELIPORT, INC. and AIR PEGASUS NEW YORK, INC., are hereby stayed from~~

~~prohibiting the plaintiff from the use, occupancy and rental of the West 30th Street Heliport,~~

~~provided plaintiff continues to pay on a C.O.D. basis for current use of the Heliport as provided in~~

~~the parties' so-ordered stipulation dated May 4, 2006; and it is further~~

ORDERED, that service of this Order to Show Cause, together with the papers upon which

it is based upon the attorneys for defendants, AIR PEGASUS HELIPORT, INC. and AIR PEGASUS

NEW YORK, INC., Leon Friedman, Esq., 148 East 78th Street, New York, NY 10021, pursuant to

CPLR §2103(b)(1) or (3), and upon the attorneys for HUDSON RIVER PARK TRUST, Konner,

Teitelbaum & Gallagher, Esqs., 462 Seventh Avenue, 12th Floor, New York, NY 10018 by certified

mail return receipt requested on or before the _____ day of _____ , 2007  be deemed good

and sufficient service.

J. S. C.

2

**EXHIBIT B**

ightseeing Tours of Am., Inc. v Air Pegasus Heliport, Inc. (2007 NY ...

Case 1:07-cv-04069-MGC    Document 20    Filed 10/17/2007    Page 10 of 13

http://www.nycourts.gov/reporter/3dseries/2007/2007_04167.htm

| Sightseeing Tours of Am., Index 107779/06 Inc. v Air Pegasus Heliport, Inc. |
| :---: |
| 2007 NY Slip Op 04167 |
| Decided on May 15, 2007 |
| Appellate Division, First Department |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

Decided on May 15, 2007
Tom, J.P., Friedman, Sullivan, Buckley, Kavanagh, JJ.

1063
Index 107779/06

[*1]**Sightseeing Tours of America, Inc., et al., Petitioners-Appellants, Helicopter Flight Services, Inc., Intervenor-Petitioner-Appellant,**

v

**Air Pegasus Heliport, Inc., et al., Respondents-Respondents.**

Robertson, Freilich, Bruno & Cohen, L.L.C., Newark, NJ (Jennifer A. Leighton of counsel), for Sightseeing Tours of America, Inc. and Liberty Helicopters, Inc., appellants.
Law Offices of Paul A. Lange, LLC, Stratford, CT (Paul A. Lange of counsel), for Helicopter Flight Services, Inc., appellant.
Leon Friedman, New York, for Air Pegasus Heliport, Inc., respondent.
Konner Teitelbaum & Gallagher, New York (Michael A. Gould of counsel), for Hudson River Park Trust, respondent.

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered November 21, 2006, which, in a proceeding by petitioners helicopter tour operators to compel respondent Hudson River Park Trust (the Trust) to, inter alia, investigate and enjoin respondent heliport concessionaire Air Pegasus Heliport, Inc. (APH) from imposing higher fees for petitioners' use of the heliport, granted the Trust's and APH's motions to dismiss the petition, unanimously affirmed, without costs.

The Hudson River Park Act (L 1998, ch 592 [S 7845]) (the Act), created the Trust, a public benefit corporation to, inter alia, "encourage, promote and expand public access to the Hudson river, promote water-based recreation, and enhance the natural, cultural, and historic aspects of the Hudson river" (§ 2[b]), "plan, design, develop, construct, operate and maintain the park" (§ 6[a]), and "provide for the health, safety and welfare of the public using [the park's] facilities" (§ 7[1][b]). Since the public does not have any protected interest in helicopter sightseeing at given rates, and since the protection of petitioners' pecuniary interests is not encompassed by any of the Act's purposes, petitioners lack standing to compel the Trust's performance of its asserted duty under the Act to investigate and approve the subject fee increase (*see Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 587 [1998]; *see also New York State Assn. of Criminal Defense Lawyers v Kaye,* 269 AD2d 14, 16-17 [2000], *affd on other grounds* 96 NY2d 512 [2001]; *Hunts Point Term. Prod. Coop. Assn., Inc. v [*2]New York City Economic Dev. Corp.*, 36 AD3d 234, 245-246 [2006], *lv denied* [2007]), where, as discussed below, they do not claim that the fee increases are discriminatory.

In any event, assuming standing, the petition, which sounds in mandamus to compel, was correctly dismissed absent any reference to any statute, rule, regulation or case law requiring the Trust to conduct an investigation of APH's pricing practices at the request of an interested party (*see Iocovello v City of New York*, 272 AD2d 201 [2000], *lv dismissed* 95 NY2d 879 [2000] [decision not to conduct an investigation a matter of discretion for which mandamus to compel does not lie]), or other showing of a clear legal right to the relief sought (*see Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006]). We reject petitioners' argument that a duty to

Case 1:07-cv-04069-MGC    Document 20    Filed 10/17/2007    Page 12 of 13

investigate and approve is inherent in the Trust's statutory duty to maintain the park and the public trust. Again, the public has no inherent right to helicopter services at a given rate, and the increase affects not the public trust or health, welfare and safety, but only petitioners' economic interests. Nor does it avail petitioners that the Trust might possess a right under the permit governing its relationship with APH to veto fees that are not "fair, reasonable and nondiscriminatory," where the permit expressly prohibits a nonparty from asserting any right or remedy thereunder. Finally, there is no merit to petitioners' claim that the Trust arbitrarily reversed its position regarding review and oversight of APH's fee schedule. Documentary evidence demonstrates that the Trust has always maintained that APH's permit does not give the Trust approval rights over the proposed rate increases, which were contemplated by all relevant contracts, except to insure that rates are nondiscriminatory, i.e., applied equally to all users. It appears that the Trust did in fact determine that the subject rate increase is nondiscriminatory.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: MAY 15, 2007

CLERK

Return to Decision List

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEW YORK HELICOPTER CHARTER, INC.,
and MICHAEL ROTH individually

                                Plaintiffs,          Case No. 07-Civ.-4069 (MGC)

-against-

AIR PEGASUS HELIPORT, INC., and
HUDSON RIVER PARK TRUST,

                                Defendants.
------------------------------------------------------------------X

======================================================================
**AFFIRMATION IN OPPOSITION TO PLAINTIFFS' ORDER TO SHOW CAUSE**
======================================================================

Konner Teitelbaum & Gallagher

By:  Michael A. Gould, Esq.
Attorneys for HUDSON RIVER PARK TRUST
462 Seventh Avenue, 12th Floor
New York, New York 10018
212-697-8500