HANTMAN & ASSOCIATES
Robert J. Hantman, Esq. (RH-3947)
1414 Avenue of the Americas Suite 406
New York, New York 10019
Telephone:    (212) 684-3933
Facsimile:    (212) 755-1989

*Attorneys for Plaintiff*
*New York Helicopter Charter, Inc.*
*and Michael Roth.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEW YORK HELICOPTER CHARTER INC., and
MICHAEL ROTH, individually,

                                                           07 CIV. 4069(MGC)

                    Plaintiffs,
  -against-

AIR PEGASUS HELIPORT, INC.,
HUDSON RIVER PARK TRUST,

                    Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION TO DISMISS FILED BY DEFENDANT
HUDSON RIVER PARK TRUST**

TABLE OF CONTENTS

|  | Page No. |
|---|---|
| TABLE OF CONTENTS............................................................ | 2 |
| TABLE OF AUTHORITIES..................................................... | 4 |
| PRELIMINARY STATEMENT................................................ | 6 |
| I. ARGUMENT............................................................... | 6 |
| POINT I. THERE IS A BASIS FOR FEDERAL JURISDICTION OVER THIS ACTION UNDER THE AIRLINE DEREGULATION ACT ("ADA")................. | 6 |
| 1. FEDERAL COURTS HAVE RECOGNIZED PRIVATE RIGHTS OF ACTION UNDER THE AIRLINE DERREGULATION ACT............. | 7 |
| 2. PLAINTIFFS CLAIMS ARE PREEMPTED UNDER THE SUPREMACY CLAUSE AND THEREFORE THIS COURT HAS JURISDICTION TO HEAR THE CLAIMS...................................... | 9 |
| 3. THE AIRLINE DEREGULATION ACT IS APPLICABLE TO HRPT........................... | 11 |
| 3.1 HRPT is not exempt from the preemption provision of the Airline Deregulation Act because it is engaging in conduct that has a direct impact in routes, prices and services in airspace....................................... | 12 |
| 3.2 HRPT and APH's Discriminatory Practices Constitute an Action that Is An Exercise Of A Right Or Privilege Created By The State....... | 13 |
| 3.3 The ADA Does Not Require The Existence Of A Law For Preemption To Apply, A Claim Is Preempted If Application Of The State Decision Would Have A Significant Economic Effect Upon Airline Rates, Routes, Or Services......................................... | 14 |

                                                                                                                       **Page No.**

**POINT II. CLAIMS FOR DENYING ACCESS TO AN AIRPORT ARE UNDER THE JURISDICTION OF THE FEDERAL COURT UNDER THE AIRLINE DEREGULATION ACT WHICH CONTRADICTS HRPT's ARGUMENT THAT THE RELIEF SOUGHT IN THIS ACTION WOULD BE ONLY AVAILABLE IN STATE COURT UNDER CPLR ART 78**............................................................... **15**

**POINT III. PLAINTIFFS' CLAIMS AGAINST HRPT HAVE MERIT AS A MATTER OF LAW**............................... **16**

**II. CONCLUSION**................................................................. **17**

## TABLE OF AUTHORITIES

                                                                                                                                  Page No.

Global In't Airways Corp. v. Port Authority of New York &
New Jersey, 727 F.2d 246, reh'g denied, 731 F.2d 127................... 7

Santa Monica Airport Ass'n v. City of Santa Monica
659 F.2d 100 (9th Cir.1981);Concorde II, 564 F.2d at 1010-12"......... 7

*New York Airlines, Inc. v. Dukes County,*
*623 F. Supp. 1435 FN3 (1985)............................................* 7

*National Helicopter Corp. of America v. City of New York,*
*137 F.3d 81 (1998)............................................* 8

*City and County of San Francisco v. F.A.A.*
*942 F,2d 1391, 1394 (9th Cir. 1991)............................................* 8

*Hirsch v. American Airlines*
*160 Misc.2d 272, 277 608 N.Y.S.2d 606, N.Y.City Civ.Ct.,1993...............* 8

*Williams v. Express Airlines, I, 825 F.Supp*
*831, 833(W.D.Tenn. 1993)............................................* 9

*Hodges v. Delta Airlines Inc., 4F.3d 350, 356 (5th Cir.1993)...............* 9

*Gay v. Carlson, 1991 WL 190584, at 2 (S.D.N.Y.1991)...............* 9

*British Airways Bd. v. Port Authority of New York,*
*558 F.2d 75, 84 FN2 (1977)............................................* 9

*New York Airlines, Inc. v. Dukes County,*
*623 F.Supp. 1435, 1443 (1985)............................................* 10

*United States v. State of New York, 552 F.Supp. 255*
*(N.D.N.Y.1982),aff'd, 708 F.2d 92 (2dCir.1983)............................................* 10

*Pirolo v. City of Clearwater, 711 F.2d 1006,*
*Reh'g denied, 720 F.2d 688 (11th Cir,. 1983)............................................* 10

*City of Burbank v. Lockheed Air Terminal, Inc.*
*411 U.S. 624, 625, 633-34 (1973)............................................* 10

United States v. H elsley,
615 F.2d 784, 786 (9th Cir. 1979).................................................... 11

British Airways Board v. Port Authority of New York & New Jersey
564 F.2d 1002, 1010 (2d Cir. 1977)............................................... 11

Hines v. Dadidowitz, 312 U.S. at 67, 61 S.Ct at 404......................... 11

*JetBlue Airways Corp. Privacy Litigation,*
*379 F. Supp.2d 299 (E.D.N.Y. 2005)*................................................ 12

*Ross v. Allen, 515 F. Supp 972, 974 S.D.N.Y. (1981)*......................... 12

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1981)...................... 13

*Burton v. Wilmington* Parking Auth., 365 U.S. 715, 722 (1961)............ 13

*United Airlines, Inc. v. Mesa Airlines, Inc.,*
*219 F.3d 605, 610-611 (7th Cir. 2000),*
*cert. den. 531 U.S. 1036 (2000)*....................................................... 14

*San Diego Unified Port District v. Gianturco*
*651 F.2d 1306, 1314 (9th Cir. 1981)*............................................... 15

*Midway Airlines v. County of Westchester,*
*New York* 584 F supp 436 D.C.N.Y. (1984)..................................... 16

## *LAWS*

Airline Deregulation *Act of 1978, Pub.L. No. 95-504, 92 Stat. 1705 (codified primarily at 49 U.S.C. app. §§ 1301-1389 (1988 & Supp. II 1990))*............. 10

*U.S.C.A. Const. Art. 1, § 8,cl.3*........................................................ 10

C.P.L.R. Article 78............................................................................. 15

## I. PRELIMINARY STATEMENT

This memorandum of law is submitted by New York Helicopter Charter Inc. in opposition to defendant Hudson River Park Trust ("HRPT") motion to dismiss this action for lack of jurisdiction over the subject matter and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)1 and 12(b)6.

For the sake of brevity and judicial economy, plaintiffs' rely on the facts contained in the complaint filed herein on May 18, 2006 (with exhibits), plaintiffs' memorandum of law in opposition to APH motion to dismiss submitted herein on September 18, 2007, as well as the affidavit of NYH president Michael Roth with exhibits filed herein on September 18, 2007; and Plaintiff's supplemental affidavit filed herein on October 11, 2007.

This supplemental memorandum is an attempt to provide the court with an overview of plaintiff's position regarding the issues raised at the preliminary conference and in response to the motion to dismiss filed by the Hudson River Park Trust ("HRPT") on October 1, 2007.

## II. ARGUMENT

### POINT I. THERE IS A BASIS FOR FEDERAL JURISDICTION OVER THIS ACTION UNDER THE AIRLINE DEREGULATION ACT ("ADA")

In 1978, Congress enacted the Airline Deregulation Act to encourage and develop an air transportation system that "relies on competitive market forces to determine the quality, variety and price of air services." Airline Deregulation *Act of 1978, Pub.L. No. 95-504, 92 Stat. 1705 (codified primarily at 49 U.S.C. app. §§ 1301-1389 (1988 & Supp. II 1990))*. The act contains a federal preemption provision:

6

Federal Preemption

> Except as provided in paragraph (2) of this subsection, no state or political subdivision thereof and no interstate agency or other political agency of two or more States shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation. *49 U.S.C. § 1305(a)(1) (1988) now recodified at 49 U.S.C. § 41713 (b)(1) (1997).*

Courts have recognized the right to sue airport operators under federal law:

> "The conduct of airport operators, as proprietors, is not immune to challenge under the supremacy clause, as defendants contend. Whether specific acts are within the authority reserved by 49 U.S.C. § 1305(b) requires consideration of facts. Courts have scrutinized the actions of airport proprietors to determine whether they are preempted by federal law. *Global Int'l Airways Corp. v. Port Authority of New York & New Jersey,* 727 F.2d 246, *reh'g denied,* 731 F.2d 127 (2d Cir.1984); *Santa Monica Airport Ass'n v. City of Santa Monica,* 659 F.2d 100 (9th Cir.1981); *Concorde II,* 564 F.2d at 1010-12". *New York Airlines, Inc. v. Dukes County,* 623 F.Supp. 1435 FN3 (1985).

Furthermore, since a lawsuit can have a regulatory effect on airline conduct, some courts have gone further and interpreted 49 U.S.C. § 41713 (b)(1) to mean that all state common law claims that relate to the rates, routes, or services of an air carrier are preempted. *See Federal Preemption in Commercial Aviation: Tort Litigation Under 49 USC § 1305. 58 J. AIR L. & Com. 657, 660 (1993)*

This action deals with the discriminatory policies implemented by a heliport operator in detriment of plaintiff and providing a competitive advantage to plaintiff's competitors. Exactly the type of interference with the market forces that the airline deregulation act was purported to prevent.

### 1. FEDERAL COURTS HAVE RECOGNIZED PRIVATE RIGHTS OF ACTION UNDER THE AIRLINE DERREGULATION ACT

In *National Helicopter Corp. of America v. City of New York, 137 F.3d 81 (1998)* a helicopter company that served as fixed-base operator of an heliport filed a complaint against the city of New York and various city subdivisions, seeking injunctive relief against the enforcement of a resolution setting restrictions on the heliport's use. The United States District Court for the Southern District of New York granted permanent injunction in part and denied it in part. The parties cross-appealed. The Court of Appeals held, that the company had standing to challenge operating conditions imposed by the resolution and that the city could not impose condition restricting certain sightseeing routes. The District Court's decision was affirmed in part, reversed in part, and remanded. The court stated:

> Hence, federal courts have recognized federal preemption over the regulation of aircraft and airspace, subject to a complementary though more "limited role for local airport proprietors in regulating noise levels at their airports." *Id supra at 88 citing City and County of San Francisco v. F.A.A., 942 F.2d 1391, 1394 (9th Cir.1991).*

*In re Jetblue Airways Corp. Privacy Litigation 379 F.Supp.2d 299 E.D.N.Y. (2005)* involved a class action brought by airline passengers against Jetblue and a data mining company for alleged violations of the Electronic Communications Privacy Act (ECPA), and violations of state and common law based on the airline's transfer of their personal information to data the mining company. Defendants moved to dismiss the action. The Court denied the motion to dismiss holding that the Airline Deregulation Act expressly preempted the passengers' privacy claims under New York General Business Law and other consumer protection laws. The Court stated that federal preemption applies to any law, regulation, policy or act that has an effect in air routes and prices.

8

New York state courts have denied jurisdiction over actions by private claimants involving the ADA. In *Hirsch v. American Airlines 160 Misc.2d 272, 277 608 N.Y.S.2d 606, N.Y.City Civ.Ct., 1993* a passenger brought an action for damages against America Airlines. The complaint claimed that the airline forced the passenger to disembark during boarding process because of passenger's allegedly disruptive and unruly conduct. The Civil Court, New York County dismissed the action and held that the passenger's action was preempted by the Airline Deregulation Act. The court held:

"No New York State or Federal case appears to have dealt with the precise issue at hand. However, the sweeping definition of "relating to" set forth in *Morales* and the persuasive logic of *O'Carroll* and its progeny in defining "services," compel the conclusion that plaintiff's claims are preempted by Section 1305. Clearly, boarding and flying on the American flight involved "the denial, or allegedly inadequate provision of" American's services. *Williams v. Express Airlines, I,* 825 F.Supp. 831, 833 (W.D.Tenn.1993) (discussing false imprisonment claim). Enforcement of State law claims such as plaintiff's, which arise out of an airline's decision whether *278 or not to board allegedly unruly passengers, "would result in significant *de facto* regulation of the airlines boarding practices and, moreover, would interfere with the implementation of federal regulations granting the airlines substantial discretion in this matter." *Hodges v. Delta Airlines Inc.,* 4 F.3d 350, 356 (5th Cir.1993) (discussing *O'Carroll );  see also Gay v. Carlson,* 1991 WL 190584, at 2 (S.D.N.Y.1991) (not reported in F.Supp.) (discussing *O'Carroll* with approval, and finding no preemption of slander and other claims brought against individual employees). *Hirsch v. American Airlines 160 Misc.2d 272, 277 608 N.Y.S.2d 606, 609 N.Y.City Civ.Ct., 1993.*

## 2. PLAINTIFFS CLAIMS ARE PREEMPTED UNDER THE SUPREMACY CLAUSE AND THEREFORE THIS COURT HAS JURISDICTION TO HEAR THE CLAIMS

Under the Commerce Clause, Congress has the power, in order to promote a nationwide transportation system and to control interstate and foreign air traffic flow, to dictate what aircraft should be permitted to land and take-off from airports. *British*

*Airways Bd. v. Port Authority of New York, 558 F.2d 75, 84 FN2 (1977).* The question of who may enforce a *statutory* right is different from the question of who may enforce a right that is protected by the Constitution. Even if there was no private right of action under ADA, which we believe there is, this court has jurisdiction over this claim under the supremacy clause. *New York Airlines, Inc. v. Dukes County, 623 F.Supp. 1435, 1443 (1985).*

*New York Airlines, Inc. v. Dukes County, id supra.* presents a set of facts and issues very similar to those involved in this case. An airline brought an action against the county, the airport commission, and individual members of commission, seeking damages and injunctive relief for the commission's refusal to grant it access to the airport. Defendants moved to dismiss the complaint. The District Court held that the airline's allegations were sufficient to state claim under supremacy clause and commerce clause. The airline's allegations that airport commission's refusal to grant to the airline access to the airport was an impermissible regulation of routes and services of an interstate air carrier and was unrelated to legitimate local interest were sufficient to state claim under commerce clause. U.S.C.A. Const. Art. 1, § 8, cl. 3; Federal Aviation Act of 1958, § 105(a), as amended, 49 U.S.C.A. § 1305(a).

> Challenges to the actions of airport operators based on the supremacy clause, including private actions against refusals by local airport proprietors to grant access to interstate carriers, have been recognized by the courts. *Concorde II; United States v. State of New York,* 552 F.Supp. 255 (N.D.N.Y.1982), *aff'd,* 708 F.2d 92 (2d Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1907, 80 L.Ed.2d 456 (1984); *see Midway Airlines,* 584 F.Supp. at 438; *see also Pirolo v. City of Clearwater,* 711 F.2d 1006, *reh'g denied,* 720 F.2d 688 (11th Cir.1983) (suit brought by airport operator under supremacy clause); *San Diego Unified Port District,* 651 F.2d 1306 (suit by local port district). Id Supra at 1442

The decision emphasized that courts have recognized the predominance of federal interests in the regulation of aviation. Id supra citing *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 625, 633-34 (1973), *United States v. Helsley,* 615 F.2d 784, 786 (9th Cir.1979); *British Airways Board v. Port Authority of New York & New Jersey,* 564 F.2d 1002, 1010 (2d Cir.1977). The court concluded that the amended complaint had stated a claim under the supremacy clause insofar as the Commission's action would interfere with the federal scheme of regulation or stand "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id supra at 1442 citing *Hines v. Davidowitz, 312 U.S. at 67, 61 S.Ct. at 404.*

As in *New York Airlines, Inc. v. Dukes County* the instant case involves access to an heliport and challenges to actions to an heliport operator. APH under the auspices of HRPT has implemented selective, arbitrary, irrational and discriminatory price policies followed by the denial of heliport landing rights to plaintiff. In addition, APH is providing a competitive advantage to NYH's competitors by its unilateral discriminatory actions against NYH coupled with the preferential treatment in favor of some of its competitors. This series of unreasonable and discriminatory regulations and edicts exceeds the scope of the limited authority that federal aviation law grants to "municipal proprietors" like HRPT, and thus the authority that HRPT can legitimately cede to APH.

### 3. THE AIRLINE DEREGULATION ACT IS APPLICABLE TO HRPT

HRPT's argues that the ADA does not apply to HRPT or to APH. This issue was addressed plaintiffs' memorandum of law in opposition to APH's motion to dismiss submitted herein on September 18, 2007, as well as in our memorandum in support of injunctive relief filed herein on October 11, 2007. We refer the court to the above

mentioned memoranda for a detailed explanation of plaintiff's argument. However, for the court's convenience our position is outlined as follows:

### 3.1 HRPT is not exempt from the preemption provision of the Airline Deregulation Act because it is engaging in conduct that has a direct impact in routes, prices and services in airspace

HRPT's main argument in its motion to dismiss is that ADA does not apply to it because HRPT is not the State of New York or a political subdivision of the State of New York. However, they cite no case law to support their position. They also ignore the undisputed fact that the HRPT is the successor in interest of the New York Department of Transportation, a state entity and is charged with enforcing federal rules and regulations and not flaunting them for the benefit of a "favored son" who enjoys a monopoly.

Clearly, federal preemption applies to any law, regulation, policy or act that has an effect in air routes and prices. *JetBlue Airways Corp. Privacy Litigation, 379 F. Supp.2d 299 (E.D.N.Y. 2005).* Even denying access to an individual in an airplane by an airline carrier (two private parties) has found to be applicable under the Airline Deregulation Act. HRPT's argument that since they claim that they are not a State or a political subdivision they can affect interstate commerce and the competitive landscape in the helicopter tour market, with impunity, is against common sense. If the ADA preempts a regulation from a state, which has broader powers than a private party, how could it allow a private party to regulate routes, prices and services? More specifically, how could it allow a private party to interfere with interstate commerce and free competition in the access airspace? HRPT and APH are state actors. This issue is discussed in length in our previous memoranda but the main point is that the Courts have found state action under the public function test when "the conduct of the private actor is

12

equivalent to the performing of a state function, or is traditionally associated with sovereignty" *Ross v. Allen, 515 F. Supp 972, 974 S.D.N.Y. (1981)*.

### 3.2 HRPT and APH's Discriminatory Practices Constitute an Action that Is An Exercise Of A Right Or Privilege Created By The State

The state cases cited by HRPT stating that it is not a state actor are irrelevant for purposes of this motion because whether a private party is a state actor is an issue of fact. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1981). This explains in part the fact that the cases cited by HRPT are not reported decisions. Furthermore, they have nothing to do with the ADA as detailed in our memorandum in support of NYH's request for injunctive relief ("P. Mem. I. R."). P. 12-13. The fact that HRPT was found not to be a state actor in those specific cases does not make HRPT a non state actor for all purposes. The law requires an analysis of the fact and circumstances of the case *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961).

Congress has the power to regulate who has access to airspace. *British Airways Bd. v. Port Authority of New York 558 F.2d 75, 84 FN2 (1977)*. The permit/agreement by which APH operates requires APH to: "furnish the services on a <u>fair, equal and non-discriminatory basis to all users</u> thereof...." [emphasis added]. Permit, § 34(b) (2).

APH denied to plaintiffs access to airspace in the same terms and conditions as its competitors not only violating the permit but also while performing a function that was traditionally associated with sovereignty. HRPT knew about the discriminatory practices and engaged in conduct that allowed the continuation of those practices. No State may effectively abdicate its responsibilities by either ignoring them or by merely failing to discharge them whatever the motive may be. *Burton v. Wilmington Parking Auth.*, 365

U.S. 715, 723-25 (1961). HRPT would have this court find that the entity charged with complying with federal law and statutes can delegate such authority to a "private entity" – which description is disputed- which can then flagrantly disregard federal rules with impunity and a carrier – such as NYH- has no recourse whatsoever and will be forced out of business.

### 3.3 The ADA Does Not Require The Existence Of A Law For Preemption To Apply, A Claim Is Preempted If Application Of The State Decision Would Have A Significant Economic Effect Upon Airline Rates, Routes, Or Services

HRPT's second argument regarding the inapplicability of the ADA is that the permit is not a law and therefore is not preempted. Contracts, even between private parties, can create private law that cannot supersede the preemption of the Act. See *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 610-611 (7th Cir. 2000), cert. den. 531 U.S. 1036 (2000). In *United Airlines* the court held that contracts are usually not subject to the preemption however they would be if they have an effect in prices, routes, and services. Indeed, the concept of a "state law" relating to an area preempted by federal law need not expressly refer to air carrier rates, routes or services; rather, a claim is preempted if application of the state decision would have a significant economic effect upon airline rates, routes, or services. *JetBlue Airways Corp. Privacy Litigation*, 379 F. Supp.2d 299 (E.D.N.Y. 2005). The concept of freeing the airlines to compete relative to market sources requires the absence not only of laws, rules and ordinances, but also of arbitrary State policies relating to air travel. *Id.*

Plaintiff emphasizes that the point of citing *United* is to show that any conduct that has the effect of regulating prices, routes and services in airspace is preempted.

14

However, NYH is not trying to assets rights under a contract to which it is not a party as defendants want t his court to believe.

### POINT II.  CLAIMS FOR DENYING ACCESS TO AN AIRPORT ARE UNDER THE JURISDICTION OF THE FEDERAL COURT UNDER THE AIRLINE DEREGULATION ACT WHICH CONTRADICTS HRPT ARGUMENT THAT THE RELIEF SOUGHT IN THIS ACTION WOULD BE ONLY AVAILABLE IN STATE COURT UNDER CPLR ART 78

HRPT claims that if Plaintiffs' grievances might be remediable, as arbitrary and capricious, pursuant to New York State C.P.L.R. Article 78, such grievances cannot be heard in federal court. HRPT confuses the issues by citing precedents such as the decision in a case of a police officer lawsuit against the city for violation of due process. As previously discussed, if the conduct complained of falls within the purview of federal preemption, the State cannot grant that relief.  Furthermore, all cases involving access to an airport or heliport are under the jurisdiction of the federal court because of the exercise of sovereignty involved in providing access to airspace.  See *Ross v. Allen id. Supra.* As detailed in the following decisions.

In *San Diego Unified Port District v. Gianturco 651 F.2d 1306, 1314 (9th Cir. 1981)* plaintiff sued the Department of Transportation of the State of California because the state, through its police power, has sought to regulate and restrict aircraft flights directly by requiring the Port District to adopt a more extensive curfew than the Port District itself thought necessary and appropriate. Unwilling to comply, the Port District sought to enjoin enforcement of the restriction. The Port's attack on the condition rests primarily on the ground that federal law preempts state regulation of airspace management and control of the source of aircraft noise.

The court found in favor of the Port. The court stated that in the Airlines Deregulation Act Congress expressly preempted any state regulation affecting "rates, routes, or services of any air carrier". 49 USC § 1305 (a). The supremacy clause invalidates any exercise of state power that unduly frustrates or obstructs the objectives of legitimate national policy.

Another case involving access to an airport is *Midway Airlines v. County of Westchester, New York* 584 F supp 436 D.C.N.Y. (1984). The airline requested mandatory Injunctive Relief that would require the County of Westchester to provide immediate access to the Westchester County Airport for Midway's proposed scheduled flights between Midway Airport in Chicago and the Westchester Airport. The airline had filed an application for airport use. The Court stated that the County must have a legitimate reason for either denying or deferring an application for airport use. One of those legitimate reasons is to complete a study in order to see how the airport may accommodate certain airlines with a limited amount of space in a non discriminatory and reasonable manner. This study, however, must be done within a reasonable amount of time. In this instance, the court gave the County 30 days to finish the study and another 20 days thereafter to inform the airlines of its decision.

## POINT III. PLAINTIFFS' CLAIMS AGAINST HRPT HAVE MERIT AS A MATTER OF LAW

Recognizing the futility of its position Defendants seek to confuse the issues before this court by comparing this action to previous litigation involving HRPT by claiming that plaintiffs are trying to assert rights under a contract (permit/agreement) to which they are not a party. However this case is regarding discriminatory access to a public heliport and arbitrary, capricious actions by APH and which was condoned by

HRPT. This is not, as defendants claim, a simple a case of increasing rates or exercising reasonable discretion under a prerogative given by a private contract.

Although the merits of the claims are not at issue in a motion to dismiss, plaintiff's likelihood of success on the merits is reflected in our memorandum in support of plaintiffs' request for injunctive relief filed herein on October 11, 2007 p. 9-13.

### III. CONCLUSION

Based on the foregoing the motion to dismiss the complaint should be denied.

Dated: New York, New York
October 17, 2007

> HANTMAN & ASSOCIATES
>
> By: _____
>   Robert J. Hantman (3947)
>   1414 Avenue of the Americas Suite 406
>   New York, New York 10019
>   Telephone: (212) 684-3933
>   Facsimile: (212) 755-1989
>   *Attorneys for Plaintiff*
>   *New York Helicopter Charter, Inc.*
>   *and Michael Roth.*