UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NEW YORK HELICOPTER CHARTER, INC.,                Index No. 07-Civ. 4069 (MGC)
and MICHAEL ROTH, Individually,

                          Plaintiffs,

   -against-

AIR PEGASUS HELIPORT, INC.,
and HUDSON RIVER PARK TRUST,

                          Defendants.
-----------------------------------------------------------x


REPLY MEMORANDUM OF LAW OF
DEFENDANT HUDSON RIVER PARK TRUST
IN FURTHER SUPPORT OF MOTION TO DISMISS


Konner Teitelbaum & Gallagher

By: Michael A. Gould, Esq.
462 Seventh Avenue, 12th Floor
New York, New York 10018
212-697-8500

PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in response to Plaintiffs' Memorandum of Law dated October 17, 2007 ("Plaintiffs' Memorandum") and in further support of the motion to dismiss the complaint as against it by Defendant Hudson River Park Trust ("HRPT" or the "Trust").

Plaintiffs again argue that federal jurisdiction is founded on the preemption provision of the Airline Deregulation Act, premised the assumption that the Trust is an instrumentality of the State of New York. As demonstrated in the Trust's memorandum in support of its motion, this premise is false as a matter of law, as a result of which Plaintiffs' arguments are without merit. Moreover, the cases cited in the Plaintiffs' Memorandum in support of its arguments are all factually and legally distinguishable from this case because, among other reasons, they all involved defendants which were indisputably state actors.

ARGUMENT

THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER THE CLAIMS ASSERTED AGAINST THE TRUST.

As is clear from Plaintiffs' own memorandum, the only federal statute upon which Plaintiffs rely in asserting any claim against the Trust is the Airline Deregulation Act of 1978, 49 U.S.C. §41713, (the "ADA"). That statute, by its terms, at §41713(b), prohibits only "<u>a State, political subdivision of a State or political authority of at least two states</u> [from enacting or enforcing] a law, regulation or other provision have the force and effect of law" regarding certain

matters relating to airline activities. Contrary to Plaintiffs' contention, this statute on its face does not encompass Plaintiffs' claims in this action.

As previously demonstrated, the Trust is – obviously – not the State of New York. And, as a matter of law, the Trust is also neither an agency nor political subdivision of the State of New York. Plaintiffs first attempt to evade this conclusion by claiming that the Trust "cite[s] no case law in support of its position."[1] However, as the Trust's memorandum plainly reveals, the Trust did in fact cite case law supporting this proposition. *See Methodist Hospital of Brooklyn vs. State Insurance Fund,* 102 A.D.2d 367, 377, 479 N.Y.S.2d 11 (1st Dept. 1984), *aff'd,* 4 N.Y.2d 365 (1985); *Lancaster Development, Inc. vs. Power Authority of State of New York, et. al.,* 145 A.D.2d 806, 535 N.Y.S.2d 654 (3rd Dept. 1988), *leave to appeal denied,* 74 N.Y.2d 612, 547 N.Y.S.2d 846 (1989) ("We hold that [the respondent], as a public benefit corporation, created for the general purpose of performing functions essentially governmental in nature, is *not* a State agency..."); *Kadish v. Roosevelt Raceway Associates, L.P.,* 183 A.D.2d 874, 584 N.Y.S.2d 592 (2nd Dept. 1992); *Matter of Madison Sq. Garden, L.P. v. NY Metropolitan Transportation Authority, et al.* 19 A.D.2d 284 (1st Dept. 2005), all of which are cited and discussed in the Trust's Memorandum of Law in Support of Motion.

The Court is also referred to the decisions annexed to the Trust's Memorandum of Law in Support of Motion, in which the New York County Supreme Court and Appellate Division, First Department held that as a public benefit corporation, the Trust is <u>not</u> a state actor.

---

[1] Plaintiffs' Memorandum of Law, page "12."

Then, contradicting their own previous contention that the Trust had failed to cite authority for its contention that it is not a state actor, the Plaintiffs argue that the cases cited by the Trust are "irrelevant" because, they claim, whether the Trust is a state actor is an issue of fact. This, they say, somehow "explains in part the fact that the cases cited by HRPT are not reported decisions."[2] However, it in no way explains why the New York Supreme Court decisions are unreported, since very few Supreme Court decisions are reported, and the Appellate Division decision is, in fact, reported. *Sightseeing Tours of America, Inc. v. Air Pegasus Heliport, Inc. et. al.*, 40 A.D.3d 354, 835 N.Y.S.2d 561 (1st Dept. 2007).

More important, however, none of the decisions cited, either reported and unreported, hold that the issue is one of fact rather than law. On the contrary, it is Plaintiffs who are unable to cite a single authority for the proposition that a New York Public Benefit Corporation is an instrumentality or political subdivision of the State of New York, or that such issue is one of fact, for the simple reason that there is no such authority.

The Plaintiffs also make the disingenuous claim that the Trust is a state actor because it is "the successor in interest of the New York State Department of Transportation." This misreads the Permit and the Act (Complaint Exhibit "C" & "D"). The Trust was created by the Hudson River Park Act, 1998 N.Y. Sess. Laws Ch. 592 (S. 7845) §5 of which provides that Trust replaces the Department of Transportation ("D.O.T.") only with respect to the planning, design, construction, operation and maintenance of the Hudson River Park. As such, the Trust became the successor in interest to the D.O.T. under the Permit, only because the Permit governs the operation of the Heliport which is encompassed the geographical area which will become the

---

[2] Plaintiffs' Memorandum of Law, page "13."

Hudson River Park. The Trust is clearly not the successor in interest to the NY State D.O.T for all purposes.

Even if the Court were somehow to find that the Trust was a state actor, Plaintiffs are also unable to demonstrate that it has enacted or enforced any law, regulation or other provision having the force of law, as required by the statute.[3] It is undisputed that the sole authority for the operation of the heliport is the Permit, pursuant to which APH has been designated as the "fixed base operator" since 1996. The Permit is neither a law, regulation or provision having the force of law. It is a contract between the Trust and APH. The Permit itself gives the Trust no power to regulate rates, fees or charges at the Heliport or other aspects of its operation and the Trust does not do so.

Moreover, the Permit, in Paragraph 50, expressly prohibits any third party, such as Plaintiffs, from seeking to assert any right or remedy under it. Plaintiffs' contention at page 15 of its Memorandum that it is "not trying to assets (sic) rights under a contract to which it is not a party as defendants want this court to believe" is specious, because the *only* authority that the Trust has over the operation of the Heliport is contained in the Permit. Plaintiffs cannot alter the fact that no alleged action or inaction by the Trust involved any state law, rule or regulation simply by continually couching its claims in terms of "state laws," "state decisions," and "state policies."

Unable to refute the infirmities of their case as against the Trust, the Plaintiffs devote the first part of their Memorandum to the contention that they possess a private right of action under

---

[3] At page 12 of its memorandum, conveniently embellishes the language of the statute by asserting that it applies to "any law, regulation, policy or act that has an effect in air routes and prices." That, however, is not what the statute says. It says "law, regulation or other provision having the force of law."

the ADA (Point "1(1)" of the Plaintiffs' Memorandum), citing *National Helicopter Corp. of America vs. City of New York*, 137 F3d 81 (2nd Cir. 1998) and *In re Jetblue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299 (E.D.N.Y. 2005), both of which are distinguishable from and therefore irrelevant to this action. In *National Helicopter*, the plaintiff was the fixed base operator of a heliport which sued the City of New York and various City agencies challenging restrictions imposed on the use of the 34th Street Heliport. There, unlike here, it was undisputed the defendant was a governmental body – the City of New York – and the issue involved direct regulation of the use of the heliport. *JetBlue Airways* was a class action brought by airline passengers asserting alleged violations of state laws relating to protection of privacy. The facts of that case are plainly distinguishable from those here, if for no other reason than that there, unlike here, the issue involved alleged violations of specific state laws which were preempted by the ADA. Here no state law or regulation is involved which is preempted by the statute.

In Point "1(2)" of their Memorandum, the Plaintiffs argue that this Court has jurisdiction under the Supremacy Clause, i.e., federal interest in regulating aviation, citing *New York Airlines, Inc. vs. Dukes County*, 623 F.Supp. 1435 (D. Mass. 1985). That case, however, is also distinguishable, and in fact partly refutes Plaintiff's own contention. In that case, an airline sued a County and the Airport Commission for refusing to grant access to an airport. There, unlike here, the defendants were plainly political subdivisions of the State – as opposed to Air Pegasus Heliport, Inc., a private corporation, and HRPT, a public benefit corporation. Thus, the court found that the Commission's action was alleged to constitute a "law, rule, regulation, standard or other provision" which would affect rates, routes, and services of an air carrier. However, the court also held that the Airline Deregulation Act did *not* create a private right of action

enforceable by plaintiff under 42 U.S.C. §1983, and therefore granted the defendants' motion to dismiss, insofar as the complaint was premised on the ADA. 623 F. Supp. at 1450.

Finally, Plaintiffs are wholly unable to demonstrate why this court should – or even can – exercise jurisdiction over what are essentially claims seeking relief under Article 78 of the New York CPLR. As noted, the First, Second and Third Causes of Action in the Complaint asserting alleged violations of due process and equal protection rights are against APH only. The Fourth and Fifth Causes of Action, against APH and HRPT, allege preemption under the Airline Deregulation Act, 49 U.S.C. §41713, which, as shown above, does not apply to HRPT. All of the remaining claims against HRPT, e.g., that the Trust was required to put the permit out for bid in March 2001 and failed to do so; that a vote of the Trust's Board of Directors was required for every extension of the Permit; that the settlement of the lawsuit between HRPT and APH, to which Plaintiff was not a party, was "arbitrary and capricious" and required approval by HRPT's Board of Directors; and that APH's use of the Heliport is not properly "grandfathered" all seek what is, if anything, relief which would be available only under CPLR Article 78. As shown in the Trust's main memorandum, such relief is not within the purview of the federal courts.

Plaintiffs wholly ignore that issue, and instead simply assert that "this case is regarding discriminatory access to a public heliport and arbitrary and capricious actions by APH and which was condoned by HRPT." Plaintiffs' memorandum at 16. Indeed, there is not even any claim of any specific action by the Trust which was arbitrary or capricious. How this Court has jurisdiction over such claims as against HRPT, therefore, remains a mystery.

## CONCLUSION

As demonstrated above and in the prior memorandum of law submitted on behalf of HRPT as well as the memoranda submitted by APH, this lawsuit is without merit as a matter of law. This Court lacks jurisdiction over the subject matter of the action, which requires dismissal of both the federal claims as well as the ancillary state law claims as well. In any event, the state law claims are all procedurally and substantively defective as a matter of law. Accordingly, HRPT's motion to dismiss the Complaint, and each and every cause of action asserted against it, should be granted.

Dated: New York, New York
       October 23, 2007

                                    Konner Teitelbaum & Gallagher

                                    By: Michael A. Gould, Esq.
                                    Attorneys for Defendant
                                    HUDSON RIVER PARK TRUST
                                    462 Seventh Avenue, 12th Floor
                                    New York, New York 10018
                                    212-697-8500

Of Counsel:   Brian P. Gallagher, Esq.
              Elliot L. Evans, Esq.