UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NEW YORK HELICOPTER CHARTER INC., and
MICHAEL ROTH, individually,                                            07 Civ. 4069(MGC)

                        Plaintiffs,

  -against-


AIR PEGASUS HELIPORT, INC.,
HUDSON RIVER PARK TRUST and FEDERAL
AVIATION ADMINISTRATION,

                  Defendants.
-------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW
OF PLAINTIFF NEW YORK HELICOPTER
CHAPTER INC. IN FURTHER SUPPORT OF
PLAINTIFF'S APPLICATION FOR
INJUNCTIVE RELIEF**


                                 HANTMAN & ASSOCIATES
                                 1414 Avenue of the Americas Suite 406
                                 New York, New York 10019
                                 Telephone:   (212) 684-3933
                                 Facsimile:   (212) 755-1989
                                 *Attorneys for Plaintiff*
                                 *New York Helicopter Charter, Inc.*
                                 *and Michael Roth.*

1

## TABLE OF CONTENTS

Page No.

Table of Contents…………………………………………………… 2

Table of Authorities……………………………………………… 3

I.   Preliminary Statement…………………………………………. 4

II.  Argument………………………………………………………….. 5

    1.  Defendants Are State Actors Because The
       Existence Of Private Heliports Does Not Negate
       The Fact That Access To Airspace Has Been
       Traditionally Associated With Sovereignty And
       A Heliport Is A Type Of Airport…………………………… 5

    2.  It Is Undisputed That The Constitutional Claims Are
       Properly Asserted And That The Issues Raised By
       This Case Are Under The Jurisdiction Of The
       Federal Court……………………………………………… 7

    3.  This Action Is Different From The Action Pending On
       State Court  And The Injunctive Relief Requested Is
       Different Because The Circumstances Have Changed………….. 10

    4.   Abstention Applies Only In Exceptional
       Circumstances Not Present In This Case………………………. 11

    5.  Plaintiffs Request Leave To Amend The Complaint……………. 13

III. Conclusion…………………………………………………………. 14

TABLE OF AUTHORITIES

Page No.

*International Society for Krishna Consciousness, inc. v. Lee,*
505 U.S. 672 (1992)……………………………………………….     5

*Airways Bd. v. Port Authority of New York*
558 F.2d 75, 84 FN2 (1977)...…………………………………….     6

*National Helicopter Corp. of America v. City of New York,*
 137 F.3d 81, 92 (1998)…………………………………………     7

*New York Airlines, Inc v. Dukes County 623 F.Supp.*
1435, 1443 (1985)...............................................................     7

*Sea Air New York, Inc. v. City of New York,*
250 F.3d 183 (2d Cir. 2001)…………………………………….     8

*United Airlines, Inc. v. Mesa Airlines, Inc.,*
219 F.3d 605, 610-611 (7th Cir. 2000)....................................     9

*FDIC v. Four Star Holding Co.,*
178 F.3d 97, 101 (2d Cir. 1999)…………………………………     11

*Nat'l Ins. Co. v. Waterfront N.Y. Realty, Corp.,*
948 F. Supp. 263, 271 (S.D.N.Y. 1996)………………………..     12

*Burnett v. Physician's Online, Inc.*
99 F.3d 72, 76 )2d Cir. 1996)…………………………………     13

*Woodford v. Community Action Agency of Greene County, Inc.,*
239 F.3d 517,523 (2d Cir. 2001)………………………………     13

LAW

49 U.S.C. § 40103 (a)(1) …………………………………….     6

C.P.L.R. § 3025(a)……………………………………………     14

C.P.L.R. § 3025(b)……………………………………………     14

## I. PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in response to Defendant APH's memorandum in opposition to Plaintiffs' request for injunctive relief filed on October 17, 2007 and in further opposition to the motions to dismiss filed by defendants Air Pegasus Heliport ("APH") and the Hudson River Park Trust ("HRPT"). For judicial economy we are only addressing those issues not previously responded to.

APH insists that it is not a state actor and that it is not subject to the Airline Deregulation Act ("ADA") alleging that APH is not a state or a political subdivision of a state. APH's memorandum simply repeats the arguments raised in their motion to dismiss and attempts to distinguish Plaintiffs' cases by arguing that the parties in those cases were state actors but they are not. As supported by § 40103 of title 49 of the United States Code and case law, access to airspace is a function traditionally associated with sovereignty and in that respect APH and HRPT are state actors or at least it is a question of fact.

Regarding the ADA, Plaintiffs have cited a number of cases establishing that even private conduct that affects prices, routes and services in airspace falls under the Act. The actions of APH and HRPT are affecting all of the above: prices because of the effect of the additional cost imposed to NYHC, and routes and services because NYHC cannot operate from the West 30th street heliport when even parties that have not been properly authorized to operate have been allowed to do so.

Finally, APH claims that this court must abstain from hearing this case under the *Colorado River* doctrine. Abstention applies in exceptional cases and an analysis of the

4

factors required for the application of the doctrine weights in favor of retaining

jurisdiction in the federal court.

## II. ARGUMENT

**1. DEFENDANTS ARE STATE ACTORS BECAUSE THE EXISTENCE OF PRIVATE HELIPORTS DOES NOT NEGATE THE FACT THAT ACCESS TO AIRSPACE HAS BEEN TRADITIONALLY ASSOCIATED WITH SOVEREIGNTY AND A HELIPORT IS A TYPE OF AIRPORT**

49 U.S.C. § 40103 (a)(1) states: The United States Government has exclusive

sovereignty of airspace of the United States [emphasis added].

As outlined in our previous memorandum, case law supports the conclusion that

APH and HRPT are state actors. Defendants' legal reasoning is flawed. They argue that

they are running a private heliport and therefore they are justified in their actions. For

instance they argue in their memorandum that APH "is a private company exercising

private power" Def. Mem. Opp. Inj. P. 1. APH claims that there are thousands of private

heliports used by corporations and medical facilities and therefore providing access to

airspace is not a traditional sovereign function. Def. Mem. Opp. Injc. P. 1. APH is

wrong. First, to support its argument APH cites *International Society for Krishna*

*Consciousness, inc. v. Lee*, *505 U.S. 672 (1992)* and claim that airports are not public

forums. This is not a first amendment claim, we are not discussing whether the heliport is

a public forum and NYHC is not claiming that its freedom of speech has been violated.

Furthermore, the Supreme Court held in *International Society* that an airport terminal was

a nonpublic forum for First Amendment purposes. That case has nothing to do with the

issues discussed in this action.

5

Second, APH claims that the existence of private heliports negates the sovereign function of access to airspace. Again, the logic is flawed. Of course there are various private heliports as there are privately owned airports. However this does not change the fact that public access to airspace has been traditionally associated with sovereignty. There are numerous requirements that must be satisfied and permits that need to be obtained to operate a private heliport or airport. The language in 49 U.S.C. § 40103 (a)(1) is very clear and supports the claim that airspace have been traditionally associated with sovereignty.

As shown in our previous memoranda, the Supreme Court has recognized numerous times the fact that access to airspace has been associated with sovereignty. Under the Commerce Clause, Congress has the power to dictate what aircraft should be permitted to land and take-off from airports in order to promote a nationwide transportation system and to control interstate and foreign air traffic flow. See *British Airways Bd. v. Port Authority of New York 558 F.2d 75, 84 FN2 (1977)*.

Finally, the west 30th street heliport is not a private heliport. In page 6 of their memorandum APH claims "the fact that a privately leased heliport was involved does not in any way make the operator a state actor." However, the permit agreement establishes in section 32(a) the public character of the heliport by stating: "A principal purpose of the Department in the making of this agreement is to have the Heliport operated as a first-class **public** heliport…" Thus the west 30th street heliport is a public heliport and in that capacity is affecting the access of the public to airspace.

In addition, APH makes the unsupported claim that a heliport is different from an airport. In fact a heliport is a type of airport.

6

*Airport* means an area of land or water that is used or intended to be used for the landing and takeoff of aircraft, and includes its buildings and facilities. *See 69 F.R 1639, Jan 9, 2004.*

This is confirmed by case law such as *National Helicoper Corp. of America v. City of New York, 137 F.3d 81, 92 (1998)* that applied to a heliport the proprietor exception to preemption, allowing reasonable regulations to fix noise levels at and around an airport. Furthermore, the definition given by the Federal Aviation Administration expressly includes heliports as types of airports:

The general definition for airports in legislation refers to any area of land or water used or intended to be used for the landing or taking off of aircraft and includes, within the five categories of airports listed below, special types of facilities like seaplane bases, **heliports** and those facilities to accommodate tilt rotor aircraft. An airport includes an appurtenant area used or intended to be used for airport buildings, facilities, as well as rights of way together with those buildings and facilities. *See Introduction to the Airport Improvement Program, Federal Aviation Administration. Eastern Region, Airports Division, November 2002.*[1][Emphasis added]

## 2. IT IS UNDISPUTED THAT THE CONSTITUTIONAL CLAIMS ARE PROPERLY ASSERTED AND THAT THE ISSUES RAISED BY THIS CASE ARE UNDER THE JURISDICTION OF THE FEDERAL COURT

It is undisputed that the issues raised by this case are under the jurisdiction of the Federal Court as supported by *New York Airlines, Inc v. Dukes County 623 F.Supp. 1435, 1443 (1985):*

The amended complaint alleges that the Commission's refusal to grant New York Air access to the Airport was an impermissible regulation of the routes and services of an interstate air carrier and, as such, unrelated to any legitimate local interest. The complaint also alleges that concerns as to the adequacy of the Airport facilities to accommodate New York Air's proposed service were pretextual, since jet service had previously been available at the Airport, and that there was therefore no legitimate basis for the Commission's action. Finally, New York Air states that it proposed

---

[1] http://www.faa.gov/airports_airtraffic/airports/regional_guidance/eastern/aip/media/AIPpamphlet.doc

to resolve possible problems arising from facilities constraints at the Airport and to assist in securing compliance with federal regulations, thereby minimizing any valid concern with potential difficulties. These allegations are sufficient to state a claim under the commerce clause. *New York Airlines, Inc. v. Dukes County, id supra at 1443 (1985).*

Defendant's memorandum states that for an equal protection claim "a plaintiff must be singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose – whether personal or otherwise – is all but certain". These are exactly the allegations made in the complaint. The complaint states that the termination of plaintiff's right to access the heliport was the failure to drop a pending lawsuit. Cmpl. ¶49. Also Mr. Roth stated that the relationship between the parties in this action has been tense. MR Aff ¶30. His affidavit outlines clearly how NYHC was singled out to provide an advantage to its competitors. MR Aff. ¶ 35-38

APH cites *Sea Air New York, Inc. v. City of New York, 250 F.3d 183 (2d Cir. 2001)* claiming that equal protection does not apply to this case. However, the facts in *Sea Air* are different as it relates to a comparison between the noise made by airplanes and helicopters. The Court concluded in that case that there was no equal protection violation, which does provide a right to discriminate among similarly situated parties. The helicopters were not being singled out as NYHC has been by APH.

Finally, actions that interfere with prices, routes and services in airspace are subject to the ADA even if they involve private parties. APH states that it has no power to enact a law or regulation and therefore it cannot be a subject of the ADA. However, as previously elaborated even interaction between private parties has been a subject of the Act. For example, airlines have no power to enact laws and regulations however their acts have been scrutinized under the ADA because of the potential interference with the

8

purpose of the airline deregulation act which is to allow free competition set the prices, services and routes in airspace.

The downtown airport is managed by the New York Port Authority. Following APH's reasoning if the Port Authority was discriminating against NYHC their actions would be covered by the ADA but since APH is a private operator it claims it can engage in arbitrary discrimination without consequences. Defendants state that Plaintiffs incorrectly cited *United Airlines, Inc. v. Mesa Airlines, Inc.*, *219 F.3d 605, 610-611 (7th Cir. 2000), cert. den. 531 U.S. 1036 (2000)* because it held that contracts are usually not subject to preemption. However the decision states that contracts would be subject to preemption if they have an effect in prices, routes, and services. This is consistent with Plaintiffs' position. Even APH recognized this undisputable fact in page 12 of their memorandum in opposition to injunctive relief: "the only time a contract claim can be preempted pursuant to the Airline Deregulation Act is if a breach of contract claims allowed by state courts would somehow effect[sic] the "price, route or service" of an air carrier generally".

APH states that "the only issue is whether APH had the contractual right to do what it did" and goes into the settlement agreement between NYHC and APH. Defendants insist in comparing this case to that under the state court. The violation of the settlement agreement was a pretext used by APH, as stated in the complaint, but that is not the subject of this action as defendants would have this Court believe. Even Judge Cahn recognized that this action is different from that in his court. *See M. Roth affidavit in opposition to motion to dismiss FN2.*

Finally, unjust discrimination in airport access is enough to assert a federal claim.

9

Airline alleged facts sufficient to state section 1983 claim under 49
U.S.C.A. § 2210(a) [Airport and Airway Improvement Act of 1982, §
511(a), 49 U.S.C.A. § 2210(a)] which requires that airports be made
available without unjust discrimination; airline alleged that it was
excluded because of pretextual concern with adequacies of facility at
airport and claim that airport's refusal of access to it was unfair and
discriminatory in that it was allegedly based on opinion that existing
service at airport was adequate and on concern about potential effect on
competition of airline's proposed service. 42 U.S.C.A. § 1983. *New York
Airlines, Inc. v. Dukes County 623 F.Supp. 1435, 1448 (1985).*

### 3.  THIS ACTION IS DIFFERENT FROM THE ACTION PENDING ON STATE COURT  AND THE INJUNCTIVE RELIEF REQUESTED IS DIFFERENT BECAUSE THE CIRCUMSTANCES HAVE CHANGED

Defendants seem not to understand the issues at stake in this action. They insist

on comparing this action to the state court action and state that NYHC cannot assert

claims under a private contract to which they are not party. Discrimination in the access

to airspace is not a breach of contract claim. The breach of the settlement agreement is

the subject of the state court action. APH alleges that the actions are the same because

both complaints contain the allegation that APH discriminated in rates imposed on

NYHC.  The causes of action in the state action are related to the breach of the settlement

agreement and the complaint makes references to the history between the parties.

However, the fact that NYHC had been complaining about the discriminatory practices in

the past does not prevent it from exercising its rights under the constitution and from

seeking relief from this court, especially when the state court lacks power to provide the

relief requested in this action.

As stated in Michael Roth's affidavit, the assertion made by APH that the issues

currently before the State Court are identical to the issues before this Court is misleading.

In the State Court, NYHC sought relief allowing it to operate under the previous

10

conditions according to the stipulation signed by NYHC and the defendants. NYHC is asking to this court to end the discriminatory practices and the heliport and to be able to access it just as all other helicopter companies operating out of this heliport, some of which do not even have the necessary FAA Part 135 air carrier and FAA Part 136 tour operations licenses. M.R. Aff. 6, 29-30

Defendants claim that NYCH is asking for the same injunctive relief that was requested in the state action, which is access to the heliport. Although that relief was sought in the claim for breach of the settlement agreement, at that point NYHC had the option to use the downtown heliport and for this reason it failed to show irreparable harm. That option is no longer available as explained in the affidavit of Michael Roth. M.R. Aff. 19


**4. ABSTENTION APPLIES ONLY IN EXCEPTIONAL CIRCUMSTANCES NOT PRESENT IN THIS CASE**

APH relies on *Colorado River, 424 U.S. 800, 817(1976)* to request the court to abstain from hearing this case. However, Colorado River abstention, is an "extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction," and applies only "in exceptional circumstances where the order to the parties to repair to the state court would clearly serve a countervailing interest." *FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999).*

Before considering the factors set forth in Colorado River, a threshold determination is "whether the state and federal proceedings are indeed parallel, i.e., whether substantially the same parties are litigating the same issues in a state forum."

*Nat'l Ins. Co. v. Waterfront N.Y. Realty, Corp., 948 F. Supp. 263, 271 (S.D.N.Y. 1996).*
As explained before, that is not the case here. The actions are different because the legal
issues involved are different.

As stated by APH to determine whether abstention is appropriate, a federal court
"must weigh six factors, with the balance heavily weighted in favor of the exercise of
jurisdiction." *Burnett v. Physician's Online, Inc.,* 99 F.3d 72, 76 (2d Cir. 1996)
[Emphasis added].

The six factors are:

(1) Assumption of jurisdiction over a res. This is not at issue here. However, the
absence of a res is a factor that weighs slightly in favor of retaining jurisdiction. See
*Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517,523 (2d
Cir. 2001).*

(2) Inconvenience of the forum. This factor is not at issue.

(3) Avoidance of piecemeal litigation. Even though the same parties are involved,
the issues before this Court are different from those in front of the state court.
Furthermore, the state court cannot provide adequate remedy to the claims and the
preemption doctrine prevents the state court from hearing them.

(4) Order in which the actions were filed. Although the state action was filed first,
it deals with the violation of the settlement agreement signed by APH and NYCH, this
case deals with the discriminatory practices in the access to airspace and the violation of
plaintiff's constitutional rights. Since the issues at stake are different the court must not
abstain.

(5) The law that provides the rule of decision. This factor definitely favors

12

jurisdiction due to the preemption doctrine as explained in our memoranda in opposition to APH and HRPT's motions to dismiss.

(6) Protection of the federal plaintiff's rights. Plaintiff is precluded from asserting these claims in the state action and the state court cannot provide an adequate remedy. There is likewise no question that the full range of remedies available to NYHC in this court would not be available in the state court. This factor accordingly weighs in favor of retaining jurisdiction.

The decision to abstain does not depend "on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *F.D.I.C. v. Four Star Holding Co. 178 F.3d 97, 101 2d Cir. 1999.* The balance of the factors here overwhelmingly favors retaining jurisdiction in this action.

## 5. PLAINTIFFS REQUEST LEAVE TO AMEND THE COMPLAINT

Amendment of the pleadings without leave of court is permitted once within twenty days after service, or at any time before the response period expires. N.Y. C.P.L.R. § 3025(a). Amendment with leave of court, which is to be given freely "upon such terms as may be just," is also permissible to lay out "additional or subsequent transactions or occurrences." C.P.L.R. § 3025(b).

The West 30th Street heliport is the only heliport in New York City to be open twenty four (24) hours a day, seven (7) days a week, effectively giving APH a monopoly. M.R. Aff. par. 8. Plaintiffs can assert federal claims under the Airport and Airway Improvement Act of 1982 and under federal antitrust law and therefore we respectfully request leave to amend the complaint.

13

**CONCLUSION**

For the reasons stated above the court should grant the requested injunctive relief

and deny the motions to dismiss filed by APH and HRPT.

Dated: New York, New York
       October 25, 2007

                      HANTMAN & ASSOCIATES

By:_____
           Robert J. Hantman (3947)
           1414 Avenue of the Americas Suite 406
           New York, New York 10019
           Telephone:   (212) 684-3933
           Facsimile:   (212) 755-1989
           *Attorneys for Plaintiff*
           *New York Helicopter Charter, Inc.*
           *and Michael Roth.*