KONNER TEITELBAUM & GALLAGHER
ATTORNEYS AT LAW
462 SEVENTH AVENUE
12TH FLOOR
NEW YORK, NEW YORK 10018

TEL (212) 697-8500
FAX (212) 697-4512

November 29, 2007

**VIA FEDERAL EXPRESS**
Chambers of Honorable Miriam G. Cedarbaum
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1330
New York, New York  10007

    Re:    New York Helicopter Charter, Inc. and Michael Roth, Individually
            vs. Air Pegasus Heliport, Inc., and Hudson River Park Trust
            Case No.:    07-Civ.-4069

Dear Judge Cedarbaum:

       My office represents Defendant Hudson River Park Trust ("HRPT") in the above action. We have received the letters of Leon Friedman, Esq., counsel for Defendant Air Pegasus Heliport, Inc. ("APH"), dated November 16, 2007, and of Robert Hantman, Esq., counsel for the Plaintiff, dated November 28, 2007, and the Supplemental Memorandum of Law on behalf of Defendant APH in support of its Motion to Dismiss. We join in the arguments contained in Mr. Friedman's letter and in APH's Supplemental Memorandum insofar as they apply to Defendant HRPT.

       At the argument of the Defendants' respective Motions to Dismiss on October 29, 2007, it was our understanding – as it was Mr. Friedman's – that the Plaintiff's counsel was granted additional time for the sole purpose of supplementing *factual* deficiencies in the Plaintiff's complaint. Indeed, the court specifically advised counsel that it did not expect any extensive responses in further support of the pending Motions to Dismiss. Certainly, contrary to Mr. Hantman's assertion that the new claims Plaintiff now seeks to assert "should not have surprised" the Defendants, HRPT had no reason to expect an amended complaint alleging a baseless antitrust violation and other new claims as against HRPT, and adding a new defendant which, upon information and belief, has never been served with process.

KONNER TEITELBAUM & GALLAGHER

Chambers of Honorable Miriam G. Cedarbaum
November 29, 2007
Page 2

    Merely because counsel may have mentioned *New York Airlines, Inc. v. Dukes County*, 623 F. Supp. 1435 (D. Mass. 1985), during the argument gave no such notice. Indeed, Plaintiff had previously cited that same case – which dealt with a wide range of issues and claims – in its attempt to sustain federal jurisdiction under the federal aviation statutes (even though those claims had been dismissed in *New York Airlines*) but counsel did not advise the court that he intended to assert a federal antitrust claim. Manifestly, this belated attempt to add a completely new and unrelated cause of action is nothing but an afterthought based on counsel's recognition that the present complaint is insufficient.

    Since the Court subsequently scheduled a conference for December 7, 2007, following Mr. Friedman's letter, and since Mr. Friedman has already addressed many of the issues involved in his supplemental Memorandum of Law, we assume that any additional papers on behalf of HRPT addressing the merits of the proposed new pleading should await the Court's directives at the conference. Therefore, if the Court is inclined to permit the Plaintiff to file its proposed amended complaint, HRPT respectfully requests that it be permitted additional time to address the new allegations in the Plaintiff's pleadings.

                                     Respectfully,

                                     Michael A. Gould

MAG:mmi

cc:    Leon Friedman, Esq. (via fax 212-396-4152)
       Robert Hantman, Esq. (via fax 212-755-1989)
       Laurie Silberfeld, Esq.