UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NEW YORK HELICOPTER CHARTER, INC.
and MICHAEL ROTH individually,

                        Plaintiffs,

      -against-                                Case No. 07 Civ. 4069 (MGC)

AIR PEGASUS HELIPORT, INC.,
HUDSON RIVER PARK TRUST and the
FEDERAL AVIATION ADMINISTRATION,

                        Defendants.
---------------------------------------------------------------x

MEMORANDUM OF LAW BY DEFENDANT
HUDSON RIVER PARK TRUST
<u>IN SUPPORT OF MOTION TO DISMISS</u>

Konner Teitelbaum & Gallagher

s/_____
By: Michael A. Gould, Esq.
Attorneys for HUDSON RIVER PARK TRUST
462 Seventh Avenue, 12th Floor
New York, New York 10018
212-697-8500

-1-

## TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 3 |
| STATEMENT OF FACTS | 3 |
| THE PARTIES AND THEIR RELATIONSHIP | 4 |
| THE PRIOR LITIGATION BETWEEN HRPT AND APH | 7 |
| THE INSTANT COMPLAINT | 8 |
| ARGUMENT | |
| POINT ONE: THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION | 10 |
| POINT TWO: PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER CPLR ARTICLE 78 AGAINST THE TRUST IN THIS COURT | 14 |
| POINT THREE: PLAINTIFF'S STATE LAW CLAIMS AGAINST HRPT ARE IN ANY EVENT WITHOUT MERIT AS A MATTER OF LAW. | 16 |
| CONCLUSION | 20 |

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant HUDSON RIVER PARK TRUST ("HRPT" or the "Trust") in support of its motion for an order dismissing this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that this Court lacks jurisdiction over the subject matter of the action and that the Amended Complaint fails to state a claim upon which relief may be granted as a matter of law, and also in support of the motion by Defendant AIR PEGASUS HELIPORT, INC. ("APH" or "Air Pegasus") for the same relief. The Trust will not burden the Court by repeating in detail all of the arguments contained therein, but will focus primarily on those aspects of the motion that pertain to the Trust. However, the Trust joins in and incorporates by reference all the arguments made by APH insofar as they relate to the instant motion.

## STATEMENT OF FACTS

In the Amended Complaint, plaintiffs NEW YORK HELICOPTER CHARTER, INC. ("NYHC") and MICHAEL ROTH, Individually ("Roth") (also collectively referred to as "Plaintiff") seek various legal and equitable relief as against Air Pegasus and the Trust.

The First through Fourth causes of action allege various purported federal causes of action as against APH and the Trust, i.e., violation of the Equal Protection Clause, violation of Substantive and Procedural Due Process, and violation of the Commerce Clause. Plaintiff, it will be recalled, did not allege these purported causes of action in the original Complaint at all. Instead, Plaintiff sought to establish federal jurisdiction by relying on purported violations of the

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                              -3-

Airline Deregulation Act, which it now alleges only under the guise of the Supremacy Clause in the Fifth Cause of Action. However, the new claims are no more valid than the prior ones.

The remaining, non-federal claims against the Trust, which do not differ appreciably from the Plaintiff's original Complaint, appear in the Sixth through Tenth Causes of Action. Essentially, the Amended Complaint seeks (a) to invalidate the permit granting APH the right to operate the heliport, described below, (b) to enjoin APH's operations at the heliport, and (c) to terminate the use of the heliport entirely. The Amended Complaint also seeks a declaration that the Trust is obligated to open operation of the heliport to public bidding, that the Trust is required to obtain monthly approval from the Trust's Board of Directors for all of APH's operations, and to invalidate a 2006 settlement of litigation between HRPT and APH, to which litigation neither NYHC nor Roth were parties.

Although Plaintiff has again amassed a voluminous Amended Complaint, the essential facts relevant to this motion have not changed since the Plaintiff's original Complaint dated May 18, 2007, and are contained in the documents annexed to the Amended Complaint. They may be briefly summarized as follows:

## THE PARTIES AND THEIR RELATIONSHIPS

HRPT is a New York public benefit corporation created by the Hudson River Park Act, 1998 N.Y. Sess. Laws Ch. 592 (S. 7845) (the "Act"), Exhibit "D" to the Amended Complaint. The Trust's status as a public benefit corporation appears at Section 5 of the Act. The Trust's purposes appear at Section 6 of the Act, and essentially consist of planning, designing and constructing the Hudson River Park (the "Park") on the west side of Manhattan between Battery

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law

-4-

Park and 59th Street, and the performance of all acts incidental to that purpose. HRPT is the successor in interest to the New York State Department of Transportation (the "NYDOT"), which had previously controlled, *inter alia*, the land and improvements known as the West 30th Street Heliport (the "Heliport"), located at West 30th Street and the Hudson River in Manhattan, within the Park.

Prior to the legislature's creation of HRPT, the NYDOT had granted APH, a private Delaware corporation, the exclusive right to be the "fixed base operator" of the Heliport, pursuant to an agreement dated March 25, 1996, (the "Permit") which contains the rights and duties of the NYDOT and APH. The Permit is annexed to the Amended Complaint as Exhibit "C." The only parties to the Permit were Air Pegasus and the NYDOT, the Trust's predecessor.

Pursuant to Section 2 of the Permit, the Permit had a five-year term, which expired on the fifth anniversary of its commencement date, i.e., in May 2001.[1] However, Section 2 also provides for continued operation of the Heliport subsequent to 2001 as follows:

> The term of this Agreement shall automatically renew for successive terms of one month each unless canceled by either party upon thirty (30) days written notice.

Section 3 of the Permit grants Air Pegasus the right to name designated sightseeing operators at the Heliport, subject to HRPT's approval:

> The Operator [Air Pegasus] or any other aircraft operator shall conduct sightseeing operations only upon the prior written approval of [HRPT's predecessor] of (i) the sightseeing operator and its aircraft and procedures and (ii) the terms of any agreement

---

[1] Although the Permit is dated March 25, 1996, its term did not actually commence until May 1996.

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                           -5-

> between [Air Pegasus] and any such sightseeing operator, which approval shall not be unreasonably withheld.

Despite its forty-five pages and 324 paragraphs (which replaced the 257 paragraphs in the original complaint), the Amended Complaint still fails to allege how and when NYHC became a designated sightseeing operator at the Heliport. Paragraph 4 simply alleges that NYHC is a New York corporation and that its president, plaintiff Michael Roth, is licensed by the FAA. Paragraph 6 alleges that NYHC has been "improperly discriminated against and arbitrarily denied operating rights since May 6, 2007," but fails to allege whether APH ever designated NYHC as a sightseeing operator.

In fact, APH had granted NYHC the "non-exclusive right" to conduct charter tours from the Heliport, in a settlement agreement dated April 28, 2005, in a case entitled *New York Helicopter Charter, Inc. vs. Air Pegasus Heliport, Liberty Helicopters, Inc., and Hudson River Park Trust*, New York County Index No. 603773/2004. That settlement agreement, which is annexed hereto, further granted APH the right to terminate NYHC's operations at the Heliport, without notice or opportunity to cure, upon NYHC's defaulting in the terms of said settlement agreement.

Section 4 of the Permit grants Air Pegasus the right to set charges and fees for its designated operators' use of the Heliport. Although HRPT is entitled to notice of changes of the various fees, Section 4 does not grant HRPT approval rights regarding such fees:

> The Schedule of Charges covering the use of the Heliport is attached hereto, made a part hereof and marked Exhibit "B." The Operator [Air Pegasus] shall have the right, from time to time to amend any item of such Schedule of Charges, to make increases or decreases therein and to add or delete additional items thereto upon

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                          -6-

> fifteen (15) days prior notice to Public and to the Department [of Transportation]. The Operator shall have the responsibility to collect from each and every operator of an aircraft using the Heliport. . . . The Department shall have no responsibility for the collection or payment of such charges.

Thus, the Permit grants Air Pegasus the right to fix the fees or charges that it imposes on users of the Heliport, subject only to HRPT's right to receive notice of such fees. Although Section 34 of the Permit provides that Air Pegasus' services and pricing shall be "fair, reasonable and non-discriminatory," the Permit does not grant HRPT the right to approve or reject Air Pegasus' fees.

More important for purposes of this litigation, the Permit expressly and unambiguously prohibits the Plaintiff, or any other designated sub-operator, from enforcing any rights or remedies under the Permit. Section 50 of the Permit provides, in pertinent part:

> This Agreement . . . constitutes the entire Agreement of the parties on the subject matter hereof, may not be changed, modified, discharged or extended except by written instrument duly executed by the Department and the Operator [Air Pegasus], and *shall not confer upon any person or entity other than the parties hereto any rights or remedies hereunder*. (Emphasis added.)

### THE PRIOR LITIGATION BETWEEN HRPT AND APH

In 2005, HRPT conducted an audit of APH's books and records. That audit was undertaken at the recommendation of the State Comptroller to obtain verification of the revenue reported by APH – upon which a portion of APH's fees to HRPT depended – in order to determine if APH had paid all money owed to HRPT.

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                              -7-

Based upon information developed during the audit, in January 2006, HRPT commenced an action entitled *Hudson River Park Trust vs. Air Pegasus Heliport, Inc., Air Pegasus New York, Inc., and Alvin S. Trenk*, New York County Index No. 600035-2006 (the "Audit Action"), alleging that APH had improperly excluded certain income from reported revenue, and that, as a result, APH had failed to pay HRPT the percentage of such revenue required by the Permit. Plaintiff was not a party to the Audit Action. A copy of the Complaint in the Audit Action is annexed as Exhibit "F" to the Amended Complaint in this action.

The audit was eventually completed, and as a result of negotiations between APH and HRPT, the Audit Action was settled and discontinued. See Exhibit "B" to the Amended Complaint. Since the Plaintiff was not a party to the Audit Action, and had no role of any kind in it, it was not a signatory to the either the stipulation of settlement or discontinuance.

## THE INSTANT AMENDED COMPLAINT

The Court will recall that the federal claims in Plaintiff's original Complaint did not seek relief as against the Trust, but were instead directed only to APH. Following oral argument on the motion to dismiss the original Complaint, the Court permitted the Plaintiff to supplement its Complaint to the extent of adding certain additional factual allegations. However, the Plaintiff has now amended its Complaint to allege new federal claims not only against APH but also against HRPT, without any basis in fact. The First Cause of Action claims violation of the Equal Protection Clause, based upon the fallacious premise that HRPT is a state actor;[2] the Second and

---

[2] Amended Complaint, paragraph "215."

Third Causes of Action claim violations of substantive and procedural due process, based upon the premise that APH, and not HRPT, is a state actor;[3] the Fourth Cause of Action claims violations of the Commerce Clause, again based upon the fallacious premise that HRPT is a state actor;[4] the Fifth, seeking declaratory judgment regarding the Supremacy Clause, does not mention HRPT at all.

The remainder of the Amended Complaint is essentially unchanged from the original Complaint. The Sixth Cause of Action alleges that the Trust "was required to put the permit out for bid as of March 25, 2006" and failed to do so; the Seventh Cause of Action alleges that a vote of the Trust's Board of Directors was required for every extension of the Permit, presumably every thirty days. The Eighth and Ninth Causes of Action seek to invalidate the settlement of the Audit Action described above, to which Plaintiff was not a party, because Plaintiff alleges that the settlement was "arbitrary and capricious" and also required approval by HRPT's Board of Directors. The Tenth seeks to reinstate the Plaintiff's right to use the Heliport, because the Heliport is "public" and the Plaintiff's "market share has diminished."[5]

---

[3] Amended Complaint, paragraph "245."
[4] Amended Complaint, paragraph "254."
[5] Amended Complaint, paragraphs "320" and "323."

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                                          -9-

## ARGUMENT

### POINT ONE

### THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER THE SUBJECT MATTER OF THIS ACTION.

As indicated above, in an attempt to create a basis for federal jurisdiction which does not exist, Plaintiff now alleges that various actions by APH and, by extension, the Trust, violate various sections of the Constitution. All are based upon the premise that both the Trust and APH are state actors: paragraph ""215" in the First Cause of Action alleges violation of Equal Protection because "APH and HRPT are state actors for purposes of the Fourteenth Amendment;" paragraph "231" in the Second Cause of Action alleges violation of substantive due process as "an arbitrary and capricious exercise of state power;" paragraph "243" in the Third Cause of Action alleges a "state action" in violation of procedural due process; paragraph "254" in the Fourth Cause of Action alleges violation of the Commerce Clause by APH and HRPT, "both of which are state actors."

Thus, in order to maintain an action under the first Four Causes of Action, the Plaintiff must allege and prove that the various acts of which it complains therein, e.g., APH's regulating its fees and imposing its regulations, were acts performed by the State of New York or a political subdivision of the State of New York. If the Plaintiff cannot establish that the allegedly wrongful actions were committed by "a state," then the first Four Causes of Action do not and cannot survive. In fact, Plaintiff cannot do so because HRPT is a public benefit corporation, separate

M:\common\docs\HudsonRiverPark\6183.0002.001\
NYH-SDNY motion to dismiss amended complaint -
Memo of Law                                -10-

and distinct from the State of New York; it is neither the State of New York nor a political subdivision of the State of New York, as a matter of law.

It is well-established in New York that "public benefit corporations are not political subdivisions of the State." See *Methodist Hospital of Brooklyn vs. State Insurance Fund*, 102 A.D.2d 367, 377, 479 N.Y.S.2d 11 (1st Dept. 1984), *aff'd*, 4 N.Y.2d 365 (1985). See also *Lancaster Development, Inc. vs. Power Authority of State of New York, et. al.*, 145 A.D.2d 806, 535 N.Y.S.2d 654 (3rd Dept. 1988), *leave to appeal denied*, 74 N.Y.2d 612, 547 N.Y.S.2d 846 (1989), in which the plaintiff, which had bid on a power project, brought an Article 78 proceeding against the Power Authority of the State of New York, a public benefit corporation. Affirming the Supreme Court's dismissal of the proceeding, the Appellate Division specifically noted the special nature of a public benefit corporation:

> We hold that [the respondent], as a public benefit corporation, created for the general purpose of performing functions essentially governmental in nature, is *not* a State agency, but rather enjoys, at least for some purposes, an existence separate and apart from the State, its agencies and political subdivisions (see, Grace & Co. v. State Univ. Const. Fund, 44 N.Y.2d 84, 88), and is an independent and autonomous public corporation that is able to function with a freedom and flexibility not permitted an ordinary State board, department or commission [citations omitted]. 145 A.D.2d 806. [Emphasis added.]

See also, *Kadish v. Roosevelt Raceway Associates, L.P.*, 183 A.D.2d 874, 584 N.Y.S.2d 592 (2nd Dept. 1992), in which the plaintiff sued the Industrial Development Agency, a public benefit corporation, its lessee, Roosevelt Raceway Associates, L.P., and other defendants, pursuant to §123-b of the State Finance Law, regarding the validity of a lease. In affirming dismissal of the suit, the Court held: ". . . there is no statutory authority which confers standing

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law         -11-

upon a taxpayer to bring an action against the Industrial Development Agency, a public benefit corporation." 183 A.D.2d at 875. See also, *Matter of Madison Sq. Garden, L.P. v. NY Metropolitan Transportation Authority, et al.* 19 A.D.2d 284 (1st Dept. 2005).

Indeed, applying these precedents, the Supreme Court of New York County recently examined the relationship between Air Pegasus and its designated sub-operators, as well as HRPT's status as a public benefit corporation, and specifically held that the Trust is not a state actor. In *Freefall Express, Inc. vs. Hudson River Park Trust, Air Pegasus Heliport, Inc., Air Pegasus of New York, Inc. and Liberty Helicopters, Inc. (N.Y.)*, New York County Index No. 602901-2006, plaintiff, a designated operator of the Heliport, alleged that HRPT had violated Article 7-A of the New York State Finance Law, which allows private citizens to challenge the misappropriation or waste of state funds by New York State or its agencies. Granting the Trust's motion to dismiss that action, the Court (Rosalyn Richter, J.) held as follows:

> . . . the Appellate Division, First Department, has held that an action under Article 7-A may not be maintained against a public benefit corporation. In Madison Square Garden v. New York Metropolitan Transit Authority, 19 A.D.3d 284, 286 (1st Dept. 2005), the Court concluded that the petitioners could not sue the Metropolitan Transit Authority, a public benefit corporation, "because the MTA is separate from the State." Because HRPT is a public benefit corporation distinct from the State, Freefall cannot maintain an Article 7-A action against it. Thus, HRPT's cross-motion to dismiss the complaint is granted.

In another action involving the Trust, the Supreme Court of New York County reached a similar result earlier this year in *Pier 59 Studios, L.P. vs. Hudson River Park Trust, et. al.*, New

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                -12-

York County Index No. 107837-2006.[6] In that action, Pier 59 asserted three causes of action, one of which claimed that HRPT had violated State Finance Law §123-b, the same statute as was the basis of *Freefall Express, supra*. Granting HRPT's motion for summary judgment, the Court (Shirley Werner Kornreich, J.) held:

> The court agrees that State Finance Law §123-b does not apply to the Trust, as it is a public benefit corporation and its funds are not state funds. General Construction Law §66(4) defines a public benefit corporation as "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof." *Public benefit corporations are "not identical to the State or any of its agencies, but rather enjoy...an existence separate and apart from the State, its agencies and political subdivisions." John Grace & Co., Inc. v. State University Construction Fund*, 44 N.Y.2d 84 (1978). [Other citations omitted, emphasis added.]

Therefore, since the Trust is neither the State nor a political subdivision of a State, the first Four Causes of Action, which were not alleged against HRPT in the original Complaint, do not apply to HRPT.

While there is language in the Second Circuit decision in *Abramson v. Pataki*, 278 F.3d 93 (2d Cir. 2002) suggesting in *dictum* that a public benefit corporation could be a state actor, the question was not decided by that case because the decision below dismissing the complaint was affirmed on other grounds. Accordingly, it is submitted that the New York cases above demonstrate that in fact the Trust is not a state actor.

---

[6]Copies of the *Freefall Express, Inc.*, and *Pier 59 Studios, L.P.*, decisions, which are unpublished, are annexed hereto.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                                -13-

Moreover, even it were to be considered as such, it is indisputable that the Trust has neither enacted nor enforced any law or regulation or took any other direct action with respect to the Heliport not pursuant to the Permit, and that, as demonstrated in APH's Memorandum of Law, APH's acts, which are the subject of this action, were in any event not state acts.

Therefore, since the Amended Complaint fails to allege a cognizable federal claim against HRPT or APH, there is no basis for federal jurisdiction over the subject matter of this action.

## POINT TWO

### PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER CPLR ARTICLE 78 AGAINST THE TRUST IN THIS COURT

Since there is no basis for federal jurisdiction as a matter of law, the remaining claims asserted under state law must be dismissed as well. *Motorola Credit Corp. v. Uzan,* 388 F.3d 39, 56 (2d Cir. 2004). All of the remaining claims asserted by Plaintiff against HRPT must also be dismissed because they seek redress pursuant to the New York State Civil Practice Law and Rules ("CPLR") Article 78 ("Proceeding against Body or Officer") which is not within the purview of this Court. Article 78 supersedes and incorporates the former writs of certiorari, mandamus, and prohibition, and permits certain parties to compel a public body to perform a ministerial act, to prevent the actions of a public body in a proceeding for prohibition, or to enjoin arbitrary or capricious determinations by public bodies.

The relief sought in this action, in which the Plaintiff seeks to enjoin the Trust from acting in various ways that the Plaintiff claims are prohibited, or to compel the Trust to act in certain ways which the Plaintiff alleges are required by law, would be available in state court, if

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                      -14-

at all, only under Article 78. Regardless of whatever substantive merit such claims may have – and HRPT submits that there is none – this Court lacks jurisdiction to grant relief for such claims.

It is well-established that federal courts lack jurisdiction to grant relief under Article 78. In *Birmingham vs. Ogden*, 70 F.Supp.2d 353, 370 (S.D.N.Y. 1999), for example, a police officer brought suit against the police chief and city, claiming, *inter alia*, that his dismissal violated due process. The U.S. District Court (McMahon, J.), held that the plaintiff's due process claim could survive a motion to dismiss only if New York law did not provide a procedure to remedy arbitrary acts. Article 78 of the CPLR, however, provides such a procedure:

> Plaintiff has no claim for denial of due process because the availability of an Article 78 proceeding constitutes an adequate post-deprivation remedy for any of the alleged due process violations, or for all of them taken together. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2nd Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ... plaintiff, having failed to take advantage of [Article 78], "can find little comfort in the general rule that §1983 allows plaintiffs with federal or constitutional claims to sue in federal court without first exhausting judicial or administrative remedies." *Hellenic Am. Neighborhood Action Comm.*, 101 F. 3d at 881 ... There is no constitutional violation when the state affords an adequate post-deprivation remedy for a random, arbitrary deprivation of property or liberty. *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 [other citations omitted].

Moreover, as Judge Cote held in *Morningside Supermarket Corp. v. New York State Department of Health*, 432 F. Supp. 334, 346 (S.D.N.Y. 2006),

> It is doubtful. . . that claims under Article 78 are even amenable to a federal district court's supplemental jurisdiction. Three district courts in this Circuit have recently concluded that Article 78 claims

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                       -15-

brought in federal court "must be dismissed for lack of subject matter jurisdiction, as New York State has not empowered the federal courts to consider such claims." *Blatch ex. rel. Clay v. Hernandez*, 360 F.Supp.2d 595, 637 (S.D.N.Y. 2005); see also *Beckwith v. Erie County Water Auth.*, 413 F.Supp.2d 214, 226 (W.D.N.Y. 2006); *Cartagena v. City of New York*, 257 F.Supp.2d 708, 710 (S.D.N.Y. 2003).

Judge Cote also observed that even where there is an independent basis to allow exercise of supplemental jurisdiction, there are compelling reasons for federal courts to decline to exercise such jurisdiction over Article 78 proceedings:

> Because accepting supplemental jurisdiction over such claims requires a federal court to "usurp the statutory authority bestowed upon the New York state courts," *Adler v. Pataki*, 204 F. Supp.2d 384, 396 (N.D.N.Y. 2002) (citation omitted), "federal courts are loath to exercise jurisdiction over Article 78 claims." *Birmingham v. Ogdan* 70 F.Supp.2d 353, 372 (S.D.N.Y. 1999)."

Therefore, for this additional reason, the Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, all of which seek relief against HRPT in the nature of mandamus or prohibition pursuant to CPLR Article 78, must be dismissed.

POINT THREE

PLAINTIFF'S STATE LAW CLAIMS AGAINST HRPT
ARE IN ANY EVENT WITHOUT MERIT AS A MATTER OF LAW.

Although as demonstrated above, this Court need not and should not reach the merits of Plaintiff's various state law claims against HRPT, they are in any event baseless as a matter of law.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                           -16-

First, Plaintiff lacks standing as a matter of law to maintain an Article 78 proceeding against HRPT, and may not obtain Article 78 relief to compel acts which are discretionary or to enforce the provisions of the Permit. In *Sightseeing Tours of America, Inc. vs. Air Pegasus Heliport, Inc.*, 40 A.D.3d 354 (1st Dept. 2007), *lv. to appeal denied* ___ N.Y.3d ___ (2008), a copy of which is annexed hereto, the Appellate Division, First Department recently held that a similarly situated operator at the Heliport, which sought to compel HRPT to reject and prohibit APH from imposing the identical passenger fee increase about which Plaintiff now complains, lacked standing to maintain an Article 78 proceeding against the Trust. The Appellate Division also affirmed the Supreme Court's decision that mandamus to compel may not be granted to compel an act which involves the exercise of judgment or discretion, such as passing upon APH's fees. Finally, the Court affirmed the Supreme Court's finding that sub-operators at the Heliport have no right to maintain any action as third-party beneficiaries of the Permit because Section 50 of the Permit itself expressly and unambiguously prohibits any non-party, such as the Plaintiff in this case, from enforcing any rights or remedies thereunder.

In addition to the lack of standing, Plaintiff's purported Article 78 claims are substantively without merit. For example, Plaintiff seeks to compel HRPT to terminate APH's presence at the Heliport, claiming that its operations are invalid either under the Act or the Permit. There is no basis for such relief.

Although operating a heliport is not a "Park Use," as defined in Section 3(g) and (h) of the Act, APH is permitted to continue to operate the Heliport under a "grandfather" clause contained at Section 3(g)(i), which provides:

> "Permitted Use" means. . .uses permitted under any lease, permit,

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                     -17-

> license or other instrument in effect upon the effective date of this
> act, whether or not a prohibited use under this act, but only pursuant
> to the terms of the instrument and only for the term thereof or pursuant
> to any extension according to the terms thereof if, but only if, the
> option to extend is exercised solely by and is a contractual right of
> the lessee, permittee, licensee or other contractual user, and subject
> to the deadlines for the removal or relocation of unacceptable
> governmental uses under subdivision nine of section seven of this act.
> (See Amended Complaint, Exhibit "D.")

Accordingly, the Heliport falls squarely within the provision of Section 3(g)(i), inasmuch as it is a use: (1) under a lease or permit, i.e., the Permit; (2) the lease or permit was effect on the effective date of the Act, i.e., the Permit is dated March 25, 1996, some two years prior to the effective date of the Act; and (3) Air Pegasus conducts its operations pursuant to the terms of the instrument and *automatic* extensions thereof. The Permit is, in fact, the only contractual instrument between the Trust and Air Pegasus, and Air Pegasus' operations at the Heliport are in conformity with the Permit.

Section 2 of the Permit provides that after the initial expiration date the Permit "shall automatically renew for successive terms of one month each unless canceled by either party upon thirty (30) days written notice." [Emphasis added.] The renewal clause is not "exercisable," *per se*, by either the Trust or Air Pegasus: renewal is automatic, barring cancellation by either party. Contrary to Plaintiff's contention, there is nothing in the Act which requires the Trust to exercise its right to terminate the Permit. To take the Plaintiff's argument to its logical conclusion, the Permit would have terminated in 2001 and not be subject to any extension, ever, merely because neither party could "extend" it, an obviously illogical result which would be completely contrary

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                                    -18-

to the plain meaning and intention of the Permit. Moreover, any decision to renew the Permit would be discretionary, and thus not subject to an order of mandamus.

In fact, the Heliport remains at the site only because it is "grandfathered," and the "grandfather" rights granted under Section 3(i)(iv) of the Act are limited to the current Heliport operations, pursuant to the Permit only. NYHC's attempt to terminate Air Pegasus' Permit rights, if granted, would therefore effectively end all helicopter operations at the site.[7]

Moreover, Section 3 of the Act prohibits sightseeing operations in the Park, and Section 9(i) of the Act prohibits park areas east of the bulkhead to be used for commercial purposes. Consequently, any future heliport in the Park must be relocated west of the bulkhead and cannot include any sightseeing or other tourism or recreational flights. As a result, given the restrictions on heliport operations and locations in the Act, as well as the ongoing development of the Park, competitive bidding for such operations under a new agreement at the current location is prohibited.

Plaintiff's effort to challenge the 2006 the Settlement Agreement between the Trust and APH of litigation to which Plaintiff was not a party is similarly without merit as a matter of law. HRPT's decision as to whether to settle litigation and on what terms and conditions was a manifestly discretionary act which may not be challenged in an Article 78 proceeding, certainly not by Plaintiff, which has no interest in that litigation. Moreover, paragraph 14 of the Settlement Agreement plainly provides that "No third parties shall have any rights under this

---

[7] Apart from the lack of analytical merit to this argument, since Plaintiff admittedly operated at the Heliport for some period of time without ever objecting that the Heliport was illegal under the Act, its present claim that the Trust has been illegally allowing the Heliport to continue in operation since 2001 rings hollow indeed.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law                                    -19-

Agreement." Finally, as a stranger to the litigation and to the Trust, Plaintiff has no right to assert any claim that the Settlement Agreement is void because it was not approved by the Trust's directors. And, in any event, no such requirement exists.

## CONCLUSION

As demonstrated above and in the memorandum of law submitted on behalf of APH, this lawsuit is without merit as a matter of law. This Court lacks jurisdiction over the subject matter of the action, which requires dismissal of not only the federal claims but the ancillary state law claims as well. In any event, the state law claims are all procedurally and substantively defective as a matter of law. Accordingly, HRPT's motion to dismiss this action in its entirely, and each and every cause of action asserted against it in the Amended Complaint, should be granted.

Dated: New York, New York
       January 18, 2008

                                Konner Teitelbaum & Gallagher

                                By: Michael A. Gould, Esq.
                                Attorneys for Defendant
                                    HUDSON RIVER PARK TRUST
                                462 Seventh Avenue, 12th Floor
                                New York, New York 10018
                                212-697-8500

Of Counsel:   Brian P. Gallagher, Esq.
                  Elliot L. Evans, Esq.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss amended complaint-
Memo of Law
-20-