# LENTZ & GENGARO
COUNSELLORS AT LAW
443 NORTHFIELD AVENUE
WEST ORANGE, NEW JERSEY 07052
(973) 669-8900
FAX: (973) 669-8960
www.lentzgengaro.com

DAVID W. LENTZ
CHRISTOPHER P. GENGARO
MITCHELL L. GOLDSTEIN

GEORGE M. HOLLAND

OF COUNSEL
KATHLEEN GENGARO

Writer's E-mail Address
cgengaro@lentzgengaro.com

June 2, 2005

By Facsimile

Brian P. Gallagher, Esq.
Konner, Teitenbaum & Gallagher
462 Seventh Avenue, 12th Floor
New York, New York 10018

Re: Audit

Dear Mr. Gallagher:

I have received your June 1, 2005 letter. I am concerned about the tone of your letter which intimates that Air Pegasus Heliport, Inc. ("APH") is being less than cooperative with the audit and is attempting to hide information from the Trust and the auditors. You even go so far at to state that it is "highly unusual for an entity to alter or redact any basic financial information prior to inspection." Frankly, that comment is uncalled for and we resent it. Nobody ever suggested that any information would be altered, which has the connotation that material information is being changed. Rather, I told you that irrelevant information would be redacted. All relevant information will be disclosed and will not be altered.

The reality is, whether anyone will admit it or not, that this audit was caused by Liberty's and its counsel's muckraking. Until Liberty began maligning APH, APH and the Trust (and the Trust's predecessors) had enjoyed a long-standing, mutually beneficial, and respectful relationship over the course of two and half decades. Now, based on half-truths and outright misrepresentations of Liberty, the Trust has undertaken what appears to be a witch hunt. It is significant that the last time the Trust conducted an audit (a more 4 years ago), it was conducted quickly and efficiently and the auditors sought access to only the records that were directly relevant to the process. The auditor's found no irregularities whatsoever. Given this history, it is difficult to understand why you would suggest that APH was acting in anything but the utmost good faith.

Brian P. Gallagher, Esq.
Konner, Teitenbaum & Gallagher
June 2, 2005
Page 2 of 3

Unfortunately, however, APH's good faith is not going to extend so far as to allow the auditors carte blanche to see every APH financial record and customer list. Given the strained relationship between Liberty and APH, Liberty's counsel's demands to have access to all documents and information that APH provides to the auditors, and the fact that Liberty's fingerprints are all over this audit, it would be irresponsible for APH to blindly turn over all of its confidential and proprietary financial and customer information without any reason, and without any protection. I would appreciate it if you would be mindful of this hostile climate.

You have requested that various documents be provided to the auditors at the June 7, 2005 appointment at Ms. Cardinal's house. I will address each request separately.

1. <u>General Ledgers.</u> It is our understanding that the auditors would like to review APH's General Ledgers that contain: (a) all sales accounts; (b) sales tax and fuel tax; (c) fees and charges payable under Section 6 of the Permit; and (d) fuel purchases. To the extent that these documents have not already been made available to the auditors, they will be available on June 7.

2. <u>Bank Statements.</u> You express concern that APH intends to redact its original bank statements to disclose only deposits, not debits, from its account stating that "auditors typically insist upon production of original bank statements." You seem to misapprehend the nature of this audit. It is not an IRS audit, or an audit for purposes of preparing financial statements for a publicly traded company. Rather, it is an audit whose purpose is simply to verify that the Trust has been paid all monies due to it under the Permit.

It is important to bear in mind that the payment due to the Trust is a percentage of APH's gross receipts. Therefore, APH's expenditures are irrelevant. Indeed, Debra A. Cutler, the lead auditor, advised APH and Joann Cardinal that she is interested *only* in receipts and that she is not interested in disbursements.

Consequently, bank statements, redacted to show only unaltered deposit information will be made available on June 7.

3. <u>Any supporting statements/documents that Mrs. Cardinal maintains as part of her financial accounting records.</u> We do not understand this request. APH will provide specific documents that are relevant to the purposes of the audit. It will not, however, as stated above, simply turn over every piece of financial data regardless of whether the Trust is entitled to it and regardless of whether the auditors have any legitimate need for it.

4. <u>Sales Tax Returns.</u> These will be made available on June 7.

JUN-02-2005 11:03       LENTZ-GENGARO                              973 669 8960     P.04

Brian P. Gallagher, Esq.
Konner, Teitenbaum & Gallagher
June 2, 2005
Page 3 of 3

5. <u>A/R Computer Runs.</u> These documents were made available to the auditors at the Heliport in New York. They are not in Ms. Cardinal's possession.

6 & 7. <u>Financial Statements and Corporate Tax Returns.</u> We are not certain what you mean by Financial Statements. We assume that the request seeks Balance Sheets and Profit and Loss Statements. Please let me know if this interpretation is correct. Based on this understanding, Financial Statements and Corporate Tax Returns can be dealt with together.

The Financial Statements and Tax Returns include a significant amount of financial information that is wholly irrelevant to the purposes of the audit. Therefore, APH declines to produce them in their entirety. If, however, the auditors believe that there is specific information or line items on these documents that would confirm or verify APH's revenues/receipts, then please identify these items and APH will provide its Financial Statements and Corporate Tax Returns redacted to disclose only those relevant items.

The production of all of the information that APH has agreed to make available on June 7 is subject, however, to our agreeing to a confidentiality agreement. I am in the process of preparing a separate letter to you that lists all document that APH has already provided to the auditors, and those which it intends to provide, with an explanation as to why each category of documents should not be publicly available.

Very truly yours,

Christopher P. Gengaro

CPG/es
cc:   Laurie Silberfeld, Esq. (By Facsimile)

Z:\WP51DATA\S-U\Trenk,Steve\NY11\Gallagher_Ltr10.doc

TOTAL P.04