providing that the insurance carrier shall not, without obtaining express advance permission from the General Counsel of the Department, raise any defense involving in any way the jurisdiction of the tribunal, the immunity of the Department, its Commissioner, officers, agents or employees, the governmental nature of the Department or the provisions of any statutes respecting suits against the Department. A renewal policy shall be delivered to the Department at least fifteen (15) days prior to the expiration date of each expiring policy, except for any policy expiring after the date of expiration of the term. If at any time any of the policies shall be or become unsatisfactory to the Department as to form or substance or if any of the carriers issuing such policies shall be or become unsatisfactory to the Department, the Operator shall promptly obtain a new and satisfactory policy in replacement.

Section 13.     Construction by the Operator

The parties contemplate the installation, repair, maintenance or replacement of the ramp, above-ground fuel storage and pumping system, parking areas, trailers and, at the option of the Operator, the decommissioned pier pads, barges, piers, and terminals. (The Operator shall not erect any structures, make any improvements or do any other construction work on the Premises or alter, modify, or make additions, improvements or repairs to or replacement of, any structure now existing or built at any time during the term or install any fixtures (other than trade fixtures, including trailers, removable without material damage to the freehold, any such damage to be immediately repaired by the Operator) without the prior written approval of the Department,) which consent shall not be unreasonably withheld, and in the event any construction, improvement, alteration, modification, addition, repair or replacement is made without such approval, then upon reasonable notice so to do, the Operator will remove the same, or at the option of the Department. In case of any failure on the part of the Operator to comply with such notice, the Department may effect the removal or change and the Operator shall pay the cost thereof to the Department.

Section 14.     Signs

(a) Except with the prior written approval of the Department, the Operator shall not erect, maintain or display any signs or any advertising at or on the interior or exterior parts of the Premises except with respect to those installed as of the date hereof or substantially similar substitutes therefor.

(b) Upon the expiration, or earlier revocation or termination of the Agreement, the Operator shall remove, obliterate or paint out, as the Department may direct, any and all signs and advertising on the Premises and in connection therewith shall restore the portion of the Premises affected by such signs or advertising to the same condition as at the commencement of the term. In the event of a failure on the part of the Operator so to remove, obliterate or paint out each and every sign or advertising and so to restore the Premises, the Department may perform the necessary work and the Operator shall pay the costs thereof to the Department on demand.

Section 15.    Operation of the Fuel Storage System

(a) The Operator has been advised and understands that there is presently installed at the Heliport a fuel storage facility composed of two separate fuel storage systems having a total capacity of approximately 11,000 gallons identified by markings painted on various visible parts thereof as No. 1 and No. 2 (and hereinafter respectively sometimes referred to as "fuel storage system No. 1" and "fuel storage system No. 2"). The Operator may install an additional above-ground fuel storage and dispensing facilities ("Operator System"). Each in ground system is provided with its own, separate, pump and motor, and separate electrical control but, however, has fuel filters, metering and a pump dispenser which is shared and used in common by both systems and which shared use permits only one system to dispense fuel at a time. Beginning on the Commencement Date:

(b) The Operator shall have the exclusive use of fuel storage system No's. 1 and 2 and the Operator System and the Department shall have no responsibility for such system.

(c) The Operator shall use the Operator System and fuel system No.'s 1 and 2 and such other systems as the Department may authorize for the purpose of storing and dispensing fuel into aircraft of the Operator and the Operator's customers subject to and in accordance with all of the terms and provisions of this Agreement including the following:

(1) The Operator shall have the sole and complete responsibility and shall itself suffer, without recourse or claim against the Department, all fuel losses, from whatever cause including leakage of the system which may arise from its use of any fuel system.

(2) The Operator shall store and dispense only Jet A type fuel in the fuel systems and no other type or grade of fuel.

(3) The Operator shall operate all fuel systems in a safe and efficient manner in accordance with the standards of the industry and in accordance with the procedures and directions as may be given from time to time by and shall immediately notify the Department by telephone, to be followed by written notification, of any defect or condition of the fuel systems requiring repair.

(4) The Operator shall cease dispensing fuel from any fuel systems at any time that it appears that the fuel in said system at any time that it appears that the fuel in said system is defective or has been contaminated or that there is the possibility of defect or contamination or that continued use of the system is or may be unsafe or dangerous.

(d) Notwithstanding any other term or provision hereof (i) the Operator shall have the sole responsibility and the Department shall have no responsibility to assure the integrity, security and safety of the various fuel systems or of the fuel dispensed by the Operator and the Operator shall be solely responsible for its use; (ii) the Operator shall be responsible at its sole cost and expense and at all times will take good care of all fuel systeming and will maintain same in good order and condition in compliance with all legal requirements and insurance requirements and will make all necessary repairs thereto, including but not limited to leaks or contamination resulting from all fuel systems. In no event shall Operator be responsible for cost associated with leaks or other obligations occasioned by prior permittes failure to maintain said fuel system in good order and operating conditions, (iii) the Operator shall be entitled, but shall not, unless otherwise required by law or regulation, be obligated to, decommission any or all fuel systems or parts thereof.

Section 16.   Rights of Entry Reserved

(a) The Department, by its officers, employees, agents, representatives and contractors shall have the right at all times to enter upon the Premises for the purpose of inspecting the same, for observing the performance by the Operator of its obligations under this Agreement, and for the doing of any act or thing which the Department may be obligated or have the right to do under this Agreement or otherwise.

JAN 12 2002 13:35

PAGE.07

(b) Without limiting the generality of the foregoing, the Department, by its officer, employees, agents, representatives, contractors, and furnishers of utilities and other services, shall have the right for its own benefit and for the benefit of the Operator, to maintain existing and future utility, mechanical, and other systems, and to enter upon the Premises at all reasonable times to make such repairs, replacements or alterations as may, in the opinion of the Department, be deemed necessary or advisable and, from time to time, to construct or install over, in or under the Premises new systems or parts thereof; provided, however, that in the exercise of such rights of access, repair, alteration or new construction the Department shall not unreasonably interfere with the use and occupancy by the Operator.

(c) In the event that any property of the Operator shall obstruct the access of the Department, its employees, agent or contractors to any of the existing or future utility, mechanical, and other systems and this shall interfere with the inspection, maintenance or repair of any such system, the Operator shall, upon reasonable advance written notice, move such property, as directed by the Department, in order that the access may be had to the system or part thereof for its inspection, maintenance or repair, and, if the operator shall fail to so remove such property after direction from the Department to do so, the Department may move it and the Operator hereby agrees to pay the cost of such moving upon demand.

(d) Nothing in this Section shall or shall be construed to impose upon the Department any obligations so to construct or maintain or to make repairs, replacements, alterations or additions, or shall create any liability for any failure so to do. The Department shall not in any event be liable for any injury damage to any property or to any person happening on or about the Premises nor for any injury or damage to the Premises nor to any property of the Operator or of any other person located in or thereon (other than those occasioned by the acts of the Department, its employees, agents and representatives).

Section 17.   Assignment, Subcontracting and Operator Rights

(a) The Operator agrees that it will not sell, convey, transfer, mortgage, pledge or assign this Agreement or any part thereof, or any rights created thereby or any part thereof without the prior written consent of the Department.

(b) If without the prior written consent of the Department, the Operator assigns, sells, conveys, transfers, mortgages or pledges in violation of subdivision (a) of this Section or if the Premises are occupied without proper authorization by anybody other the Operator, the Department may collect the fees from any assignee or anyone who claims a right to this Agreement or who occupies the Premises, and the Department shall apply the net amount collected to the fees herein reserved; but no such collection shall be deemed a waiver by the Department of the agreements contained in subdivision (a) of this Section nor an acceptance by the Department of any such assignee, claimant or occupant as a party hereunder, nor a release of the Operator by the Department from the further performance by it of the agreements contained herein.

(c) The Operator shall not use or permit any person to use the Premises or any portion thereof for any purpose other than the purposes stated in this Agreement and the Operator's obligations hereunder may and shall be performed only through the medium of its officers, employees and contractors.

(d) Permittee shall not sub-permit the Premises to any other parties in part or in whole without the prior written consent of the State. Failure to comply with this provision may result in ten (10) days written notice of cancellation of the permit by the State, and the State may immediately take possession and terminate all rights of the Permittee as of such moment.

(e) Any sightseeing business conducted by the Operator at or from the Heliport under the terms of this Agreement, whether as the sole Operator of a sightseeing business or in addition to sightseeing businesses conducted by others at or from the Heliport, shall be conducted through an entity separate from the Operator (which entity may be a subsidiary or affiliate of the Operator) and shall be on business terms identical to those applicable to the last or currently approved operator of sightseeing operations at the Heliport.

Section 18.   Termination by the Department

(a) If any one or more of the following events shall occur, that is to say:

(1) The Operator shall become insolvent, or shall take the benefit of any present or future insolvency statute, or shall make a general assignment for the benefit of creditors, or file a voluntary petition in bankruptcy or reorganization or the

readjustment of its indebtedness under the federal bankruptcy laws or under any other law or statute of the United States or of any State thereof, or consent to the appointment of a receiver, trustee, or liquidator of all or substantially all of its property; or

(2) By order or decree of a court the Operator shall be adjudged bankrupt or an order shall be made approving a petition filed by any of its creditors or, by any of its stockholders seeking its reorganization or the readjustment of its indebtedness under the federal bankruptcy laws or under any law or statute of the United States of any State thereof and the same shall not be vacated or stayed within thirty (30) days; or

(3) A petition under any part of the federal bankruptcy laws or an action under any present or future insolvency law or statute shall be filed against the Operator and shall not be dismissed within thirty (30) days after the filing thereof; or

(4) The interest of the Operator under this Agreement shall be transferred to, pass to or devolve upon, by operation of law or otherwise, any other person, firm or corporation; or

(5) The Operator shall without the prior written approval of the Department, become a predecessor or merged corporation in a merger, a constituent corporation in a consolidation, or a corporation in dissolution; or

(6) By or pursuant to, or under authority of any federal or state legislative act, resolution or rule, or any order or decree of any court or federal or state governmental board, agency or officer having competent jurisdiction, a receiver, trustee, or liquidator shall take possession or control of all or substantially all of the property of the Operator, and such possession or control shall continue in effect for a period of thirty (30) days; or

(7) The Operator shall voluntarily abandon, desert or vacate the Premises or discontinue its operations at the Heliport; or

(8) Any lien is filed against the Premises because of any act or omission of the Operator and the Operator does not commence and pursue a good faith challenge or appeal to or of the lien, or the lien is not removed or bonded within ten (10) days after the Operator has received notice thereof; or

25

N0021848.05
99999-00111

(9) The Operator shall fail duly and punctually to pay the fees or to make any other payment required hereunder when due to the Department and shall persist in its failure for a period of five (5) days following the receipt of written notice of such default from the Department; or

(10) The Operator shall fail to keep, perform and observe each and every other promise, and agreement set forth in this Agreement on its part to be kept, performed, or observed and the same shall not be cured within thirty (30) days after receipt of notice of default thereunder from the Department (except where fulfillment of its obligations requires activity over a period of time, and the Operator shall have commenced to perform whatever may be required for fulfillment within ten (10) days after receipt of notice and continues such performance without interruption except for causes beyond its control);

(12) The Department may by five (5) days, notice to the Operator as to the events listed in subparagraphs (1), (2), (3), (4), (5), (6), (8) and (9) and by one day's notice to the Operator as to the events listed in subparagraphs (7) and (10), terminate the rights of the Operator as of the date specified in such notice.

(b) If any of the events enumerated in subdivision (a) of this Section shall occur prior to the commencement of the term, the Operator shall not be entitled to enter into possession of the Premises and the Department upon the occupancy of any such event or at any time thereafter during the continuance thereof by twenty-four (24) hours' notice may cancel the interest of the operator under this Agreement, such cancellation to be effective upon the date specified in such notice.

(c) No acceptance by the Department of fees, charges or other payments in whole or in part for any period or periods after a default of any of the terms, covenants and conditions hereof to be performed, kept or observed by the Operator shall be deemed a waiver of any right on the part of the Department to terminate the Agreement unless such payment is accepted without recourse.

(d) No waiver by the Department of any default on the part of the Operator in performance of any of the terms, covenants or conditions hereof to be performed, kept or observed by the Operator shall be or be construed to be a waiver by the

FROM FLETCH DEC 13 '99   13:34

Department of any other or subsequent default in performance of any of the said terms, covenants and conditions.

Section 19.   Right of Re-entry

The Department shall, as an additional remedy upon the giving of a notice of termination as provided in Section 18 hereof, have the right to re-enter the Premises and every part thereof upon the effective date of termination without further notice of any kind, and may regain and resume possession either with or without the institution of summary or any other legal proceedings or otherwise. Such re-entry, or regaining or resumption of possession however, shall not in any manner affect, alter or diminish any of the obligations of the Operator under this Agreement.

Section 20.   Remedies to be Non-exclusive

All remedies provided in this Agreement shall be deemed cumulative and additional and not in lieu of or exclusive of each other or of any other remedy available to the Department at law or in equity, and the exercise of any remedy, or the existence herein of other remedies or indemnities shall not prevent the exercise of any other remedy.

Section 21.   Surrender

The Operator covenants and agrees to yield and deliver peaceably to the Department possession of the Premises and other property of the Department on the date of the expiration or earlier termination of the Agreement promptly and in good condition consistent with and to the extent of its obligations under this Agreement.

Section 22.   Effect of Basic Monthly Permit Fee Reductions

Upon each reduction of the basic monthly permit fee under the terms of this Agreement, the Annual Amount shall be reduced by an amount equal to the reduction in the basic monthly permit fee multiplied by the number of months during the applicable year to which the reduction applies.

Section 23.   Removal of Property

During the sixty (60) days following the expiration, revocation or earlier termination of the term, the Operator shall have the right or upon the affirmative direction by the

27

N0021848.05
99999-00111

Department, the obligation, to remove its equipment, inventories, removable fixtures, including such trailers, fuel, facilities, barges, or other floating fixtures, and other personal property from the Premises and shall repair all damage caused by such removal. If at the expiration of the sixty (60) day period the Operator shall fail to remove such property, the Department may use or dispose of such property in any manner the Department deems appropriate and assess reasonable costs associated therewith. During such sixty (60) day period, the Operator shall be entitled to possession of the Premises and shall during the period of any such occupancy be obligated to pay only the then current monthly permit fee referred to in Section 6(a), pro-rated for each day so occupied during the sixty (60) day period.

Section 24.   Brokerage

Each of the Operator and the Department represents and warrants that no broker has been concerned on its behalf in the negotiation of this Agreement and that there is no broker who is or may be entitled to be paid a commission in connection therewith. Each party shall indemnify and save harmless the other of and from any claim for commission or brokerage made by any and all persons, firms or corporations whatsoever for services rendered in connection with the negotiation and execution of this Agreement.

Section 25.   Limitation of Rights and Privileges Granted

No greater rights or privileges with respect to the use of the Heliport or any part thereof are granted or intended provision thereof, than the rights and privileges expressly and specifically granted hereby.

Section 26.   Notices

Except where expressly required or permitted herein to be oral, all notices, requests, consents and approvals required to be given to or by either party shall be in writing, and all such notices and requests shall be personally delivered to the duly designated officer or representative of such party or delivered to the office of such officer or representative during regular business hours, or forwarded to him or to the party at such address by certified or registered mail, return receipt requested. Notices sent by registered or certified mail shall be deemed received five (5) business days after mailing. The Operator shall from time to time designate in writing an office within the Department and an officer or representative whose regular place of business is at such office upon whom notices and

29

#0021848.05
99999-00111

requests may be served. Until further notice, the Department hereby designates the Regional Real Estate Officer, Region 11, of the New York State Department of Transportation as their officer or representative upon whom notices and requests may be served, and the Department designates its office at Hunter's Point Plaza, 47-40 21st Street, Long Island City, New York 11101 and the Operator designates its office appearing on page 1 of this Agreement as their respective offices where notices and requests may be served.

Section 27.    Place of Payments

Payment must be paid by check, bank cashier's check or money order payable to "Department of Transportation" and mailed or delivered to:

New York State Department of Transportation
Revenue Unit, Building 5, Room 422
1220 Washington Avenue
Albany, New York  12232

Section 28.    Construction and Application of Terms

(a)    The section and paragraph headings, if any, in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope or intent of any provision hereof.

(b)    The terms, preamble, provisions and obligations contained in the Exhibits attached hereto, whether there set out in full or as amendments of, or supplements to provisions elsewhere in the Agreement stated, shall have the same force and effect as if herein set forth in full.

Section 29.    Non-Liability of Individuals

No Commissioner, shareholder, director, officer, agent or employee of either party shall be charged personally or held contractually liable by or to the other party, under any term or provision of this Agreement, or because of its execution or attempted execution, or because of any breach thereof.