UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NEW YORK HELICOPTER CHARTER, INC.
and MICHAEL ROTH individually,

                Plaintiffs,

-against-                              Case No. 07-Civ.-4069 (MGC)

AIR PEGASUS HELIPORT, INC., and
HUDSON RIVER PARK TRUST,

                Defendants.
-----------------------------------------------------------x


## MEMORANDUM OF LAW OF HUDSON RIVER PARK TRUST
## IN SUPPORT OF MOTION TO DISMISS


Konner Teitelbaum & Gallagher

s/ _____
By: Michael A. Gould, Esq.
Attorneys for Defendant HUDSON RIVER PARK TRUST
462 Seventh Avenue, 12th Floor
New York, New York 10018
212-697-8500

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 2 |
| STATEMENT OF FACTS | 2 |
| THE PARTIES AND THEIR RELATIONSHIPS | 4 |
| THE PRIOR LITIGATION BETWEEN HRPT AND APH | 8 |
| THE PRIOR LITIGATION BETWEEN NYHC AND THE DEFENDANTS | 9 |
| THE INSTANT AMENDED COMPLAINT | 10 |
| THIS COURT HAS PREVIOUSLY LIMITED THE SCOPE OF OF MATERIAL THAT IT WILL CONSIDER | 11 |
| ARGUMENT | |
| POINT ONE: THE INSTANT COMPLAINT FAILS TO ALLEGE A FEDERAL CLAIM AGAINST THE TRUST | 14 |
| POINT TWO: THE TRUST, AS A PUBLIC BENEFIT CORPORATION, IS NOT A STATE ACTOR FOR PURPOSES OF DETERMINING WHETHER THE PLAINTIFFS' RIGHT TO DUE PROCESS WAS VIOLATED | 19 |
| POINT THREE: PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER CPLR ARTICLE 78 AGAINST THE TRUST IN THIS COURT | 23 |
| CONCLUSION | 26 |

Plaintiffs believed they had a claim under 42 U.S.C. §1983, they were obligated to state facts which would support such a claim. The Plaintiffs were allowed to submit factual averments for this limited purpose, and the motions were deemed submitted.[2]

Instead of providing said factual allegations, however, the Plaintiffs' first Amended Complaint contained new claims, purportedly under the Sherman Antitrust Act, and the Plaintiffs sought relief as against a purported new defendant, Zip Aviation LLC. Upon APH and HRPT's motions to dismiss the first Amended Complaint, returnable December 7, 2007, the Court advised the Plaintiffs that they had filed the first Amended Complaint without leave of court, and that the first Amended Complaint exceeded the Court's leave to amend. The Court advised the Plaintiffs' counsel that Plaintiffs could re-plead to allege facts to support a claim under §1983. This was <u>all</u> that the Court authorized Plaintiffs to do.

However, Plaintiffs' second Amended Complaint again exceeded the Court's authorization, and it was the subject of APH and HRPT's third motions to dismiss. At oral argument of those motions, on March 6, 2008, the Court made a number of statements on the record, described below, allowing Plaintiffs until April 25, 2008 to make factual allegations sufficient to state a cause of action under 42 U.S.C. §1983, which Plaintiffs had still failed to do.

The instant Amended Complaint again exceeds the Court's directives and still fails to provide factual allegations sufficient to state a claim under 42 U.S.C. §1983, and is therefore the subject of this motion.

---

[2]For purposes of this motion, the Trust adopts the arguments advanced by Air Pegasus in its motions to dismiss described below.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final         -3-

Although the Court has previously directed dismissal of the action as against Air Pegasus as a party defendant,[3] the instant Amended Complaint again seeks (a) declaratory relief that NYHC has the right to use the heliport described herein and that Defendants HRPT and APH cannot prevent it from doing so; (b) an order or orders terminating APH's operations at the heliport, and (c) an order or orders terminating the use of the heliport entirely. The Amended Complaint also again seeks to compel the Trust to open heliport operations to public bidding, to compel the Trust to obtain monthly approval from the Trust's Board of Directors for all of APH's operations, and to invalidate a 2006 settlement of litigation between HRPT and APH, to which litigation neither NYHC nor Roth were parties.

Although the Plaintiffs have again proffered a voluminous complaint, the essential facts relevant to this motion are again contained in the documents annexed to the Amended Complaint and may be briefly summarized as follows.

## THE PARTIES AND THEIR RELATIONSHIPS

HRPT is a New York public benefit corporation created by the Hudson River Park Act, 1998 N.Y. Sess. Laws Ch. 592 (S. 7845) (the "Act"), Exhibit "B" to the Amended Complaint. The Trust's status as a public benefit corporation appears at Section 5 of the Act. The Trust's purposes appear at Section 6 of the Act, and essentially consist of planning, designing and constructing the Hudson River Park (the "Park") on the west side of Manhattan between Battery Park and 59th Street, and the performance of acts incidental to that purpose. HRPT is the

---

[3] At this time, no Order embodying the Court's dismissal of APH has been filed.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -4-

successor in interest to the New York State Department of Transportation (the "NYDOT"), which had previously controlled, *inter alia*, the land and improvements known as the West 30th Street Heliport (the "Heliport"), located at West 30th Street and the Hudson River in Manhattan, within the Park.

Prior to the legislature's creation of HRPT, the NYDOT had granted APH, a private Delaware corporation, the exclusive right to be the "fixed base operator" of the Heliport, pursuant to an agreement dated March 25, 1996, (the "Permit") which contains the rights and duties of the NYDOT and APH. The Permit is annexed to the Complaint as Exhibit "A". The only parties to the Permit were Air Pegasus and the NYDOT, the Trust's predecessor.

Since all rights and obligations between the Trust and Air Pegasus, and, by extension, between Air Pegasus and any users of the Heliport, including Plaintiff NYHC, stem from the Permit, the relevant provisions of the Permit will be briefly summarized.

Pursuant to Section 2 of the Permit, the Permit has a five-year term, which expired on the fifth anniversary of its commencement date, i.e., in May 2001.[4] However, Section 2 also provides for continued operation of the Heliport subsequent to 2001 as follows:

> The term of this Agreement shall automatically renew for successive terms of one month each unless canceled by either party upon thirty (30) days written notice.

Section 3 of the Permit grants Air Pegasus the right to conduct sightseeing operations at the Heliport, subject to HRPT's approval of the proposed sightseeing operator and the terms of any agreement between APH and said sightseeing operator for such operations:

---

[4] Although the Permit is dated March 25, 1996, its term did not actually commence until May 1996.

SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -5-

> The Operator [Air Pegasus] or any other aircraft operator shall conduct sightseeing operations only upon the prior written approval of [HRPT's predecessor] of (i) the sightseeing operator and its aircraft and procedures and (ii) the terms of any agreement between [Air Pegasus] and any such sightseeing operator, which approval shall not be unreasonably withheld.

Thus, Section 3 of the Permit does not grant the Trust the right to direct Air Pegasus to conduct sightseeing operations or to allow others to do so. The Trust possesses only approval rights for sightseeing operators submitted by Air Pegasus, which approval cannot be unreasonably withheld.

Despite its 216 paragraphs, the Amended Complaint still fails to specify how and when NYHC became one of APH's sightseeing operators at the Heliport. Paragraph "6" simply alleges that NYHC is a New York corporation and that its president, Plaintiff Michael Roth, is licensed by the FAA. Although the Amended Complaint alleges that NYHC has been discriminated against and arbitrarily denied operating rights, it fails to allege whether APH ever designated NYHC as a sightseeing operator.

In fact, APH had granted NYHC a "non-exclusive right" to conduct charter tours[5] from the Heliport, in a settlement agreement dated April 28, 2005 (the "NYHC Settlement"), in litigation entitled *New York Helicopter Charter, Inc. vs. Air Pegasus Heliport, Liberty Helicopters, Inc., and Hudson River Park Trust*, New York County Index No. 603773/2004, discussed below. The NYHC Settlement, which is annexed hereto as Exhibit "C", at paragraph

---

[5] The Trust considers NYHC's "charter tour" operations to be "sightseeing" flights within the meaning of the Permit, and therefore subject to Trust approval pursuant to Section 3 of the Permit. Said approval was provided by letter dated December 15, 2006, annexed hereto as Exhibit "F."

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -6-

"6" thereof, also expressly granted APH the right to terminate NYHC's operations at the Heliport, "without notice or opportunity to cure," upon NYHC's default in the terms of the NYHC Settlement.

Section "4" of the Permit grants Air Pegasus the right to set charges and fees for sightseeing operators' use of the Heliport. Although HRPT is entitled to notice of changes of the various fees, Section "4" does not grant HRPT approval rights regarding such fees:

> The Schedule of Charges covering the use of the Heliport is attached hereto, made a part hereof and marked Exhibit "B." The Operator [Air Pegasus] shall have the right, from time to time to amend any item of such Schedule of Charges, to make increases or decreases therein and to add or delete additional items thereto upon fifteen (15) days prior notice to Public and to the Department [of Transportation]. The Operator shall have the responsibility to collect from each and every operator of an aircraft using the Heliport. . . . The Department shall have no responsibility for the collection or payment of such charges.

Thus, the Permit grants Air Pegasus the right to fix the fees or charges that it imposes on all users of the Heliport, subject only to HRPT's right to receive notice of such fees.

More important for purposes of this litigation, the Permit expressly and unambiguously prohibits the Plaintiffs, or any other user(s) of the Heliport, from enforcing any rights or remedies under the Permit. Section 50 of the Permit provides, in pertinent part:

> This Agreement . . . constitutes the entire Agreement of the parties on the subject matter hereof, may not be changed, modified, discharged or extended except by written instrument duly executed by the Department and the Operator [Air Pegasus], and *shall not confer upon any person or entity other than the parties hereto any rights or remedies hereunder.* (Emphasis added.)

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -7-

## THE PRIOR LITIGATION BETWEEN HRPT AND APH

In 2005, HRPT began an audit of APH's books and records. That audit was commenced at the recommendation of the State Comptroller to obtain verification of the revenue reported by APH – upon which a portion of APH's fees to HRPT depended – in order to determine if APH had paid all money owed to HRPT.

Based in part upon information arising out of the audit, in January 2006, HRPT commenced an action entitled *Hudson River Park Trust vs. Air Pegasus Heliport, Inc., Air Pegasus New York, Inc., and Alvin S. Trenk*, New York County Index No. 600035-2006 (the "Audit Action"), alleging that APH had improperly excluded certain income from reported revenue, and that, as a result, APH had failed to pay HRPT the percentage of such revenue required by the Permit. Plaintiffs were not parties to the Audit Action. A copy of the complaint in the Audit Action is annexed as Exhibit "K" to the Amended Complaint in this action.

The audit was eventually completed in the fall of 2006, and as a result of negotiations between APH and HRPT, the Audit Action was settled and discontinued. See Exhibit "C" to the Amended Complaint. Although the Plaintiffs were not parties to the Audit Action, had no role of any kind in it, and were not signatories to the either the stipulation of settlement or discontinuance, they continue to ask this Court to abrogate that settlement. (See Amended Complaint, at ¶¶140-157.)

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                    -8-

## THE PRIOR LITIGATION BETWEEN NYHC AND THE DEFENDANTS

On or about April 18, 2006, NYHC commenced *New York Helicopter Charter, Inc. vs. Air Pegasus Heliport, Inc., Air Pegasus New York, Inc. & Hudson River Park Trust*, New York County Index No. 601327-2006 (the "State Court Action"). In the complaint in the State Court Action, annexed as Exhibit "D", NYHC sought similar relief as it does here, i.e., declaratory relief that it be allowed to use the Heliport at certain rates, and that Air Pegasus and the Trust be required to approve NYHC as a sightseeing operator. NYHC also claimed that APH intended to oust it from the Heliport pursuant to the previous NYHC Settlement. (Exhibit "C")

However, the complaint in the State Court Action (at paragraph "39") specifically alleges that APH had previously declared NYHC to be in default in the terms of the NYHC Settlement, thus giving APH the right to terminate Plaintiffs' right to use the Heliport.

NYHC moved in the State Court Action for a preliminary injunction to prevent APH from terminating its purported rights to conduct operations at the Heliport. In an Order dated October 30, 2007, part of Exhibit "D", the Supreme Court (Herman Cahn, J.) denied NYHC's motion for a preliminary injunction, determining that NYHC had "been less than credible in [its] description of [its] own actions leading to the termination of its rights to use the West 30th Street heliport." NYHC did not file a notice of appeal or move to reargue. Although the State Court Action is still pending, it is inactive.[6] Apparently, Plaintiffs have chosen to seek relief from this Court rather than pursuing the State Court Action.

---

[6] NYHC's counsel advised the Court at the recent July 3, 2008, hearing that the State Court Action is closed.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -9-

## THE INSTANT AMENDED COMPLAINT

Although the Trust is the only remaining defendant, most of the Amended Complaint again seeks relief to compel the Trust to act in a manner inconsistent with its rights and obligations under the Permit, and still wholly fails to allege any facts to support a federally cognizable claim. Indeed, virtually all of its allegations are identical to those which the Court has previously held to be insufficient.

The First Cause of Action claims that the Trust (as the only remaining defendant) has violated the Equal Protection Clause of the Constitution by denying the Plaintiffs the use of the Heliport. As noted above, however, the Permit does not grant the Trust the right to dictate individual helicopter operators' access to the Heliport, and does not empower the Trust to designate NYHC as a sightseeing operator at the Heliport or to set its fees.[7] More important for purposes of this motion, the Equal Protection Clause of the Constitution neither gives Plaintiffs the right to use the Heliport, nor does it impose on the Trust the obligation to ensure that Plaintiffs are allowed to do so.

The Second and Third Causes of Action claim that the Trust (as the one remaining defendant) has deprived Plaintiffs right to due process of law by virtue of APH's imposing new fees upon Plaintiffs and prohibiting Plaintiffs from using the Heliport. But again, not only does the Permit not empower the Trust to restore NYHC to the Heliport or to regulate its fees, neither of those issues involve any Constitutional right to due process of law.

---

[7] As noted above, the Trust did approve NYHC and others as sightseeing operators by letter dated December 15, 2006, Exhibit "F."

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -10-