The Fourth Cause of Action claims that the Trust has tortiously interfered with NYHC's contractual relationships, but it alleges no affirmative action on the part of the Trust which could conceivably constitute federally cognizable tortious interference with NYHC's contractual rights, and in any event, there is no constitutional tort for interference with contractual rights.

The Fifth Cause of Action seeks relief pursuant to Article 78 of the CPLR, despite the fact that the Court's has already held, and repeatedly advised Plaintiffs' counsel, that the United States District Court will not entertain such claims.

The Sixth Cause of Action claims that the Trust has breached the public trust by allowing APH to conduct certain actions.

## THIS COURT HAS PREVIOUSLY LIMITED THE SCOPE OF MATERIAL THAT IT WILL CONSIDER

In ruling on APH's and HRPT's previous motions to dismiss the original Complaint, and the first and second Amended Complaints, this Court has already substantially limited the potential scope of this action.

At the oral argument of the Defendants' prior motion to dismiss the second Amended Complaint, the transcript of which argument is annexed as Exhibit "E" ( the "Transcript"), the Court specifically held that there was only a single issue that it would consider in determining whether there is any basis for federal jurisdiction over this action:

> THE COURT: I want to be clear as to what it is exactly that you are claiming. And what the claim is, is that your client [NYHC] brought a suit against the heliport, and after that suit was brought, they refused to allow him to use the heliport. They never refused before that, but they refused afterwards. (Transcript, pp. 7-8)

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                        -11-

Later in the Transcript, the Court repeated that, despite the Plaintiffs' numerous allegations in the second Amended Complaint, virtually all of which are repeated in the instant Amended Complaint, the Plaintiffs had only cited a single possible cause of action:

> THE COURT: The one thing that you have cited to me that may be a constitutional deprivation is the refusal to let [Plaintiff NYHC] fly unless he dropped his lawsuit, if that is what happened. And unless the Trust knew about it, you can't hold the Trust responsible for that refusal.
>
> * * *
>
> I understand your position - I shouldn't say it understand it. It is not very clear. But the clearest I can draw from it is that, since you are arguing deprivation of due process of law, the only thing I can find in your allegations that might be a deprivation of due process of law is, if under color of state law the state threatened you, that you had to drop your lawsuit or you wouldn't be able to fly from that heliport, and I take it that the defendant agrees that might be a constitutional tort. (Transcript page 24)

This Court left no doubt that the Plaintiffs were limited to a single due process claim, viz. that the Trust and/or Air Pegasus allegedly barred the Plaintiffs from using the Heliport in retaliation for commencing the State Court Action. Indeed, the Plaintiffs' counsel agreed with the Court's analysis:

> THE COURT: That is <u>the only possible due process claim</u> that you are making, <u>that the Trust, in effect, threw him out of the Heliport because he brought a lawsuit</u>. That is a very tough position to have to prove ... to come into federal [court], this suit is a claim that the Trust deprived your client of a constitutional right of due process of law. And <u>the only thing you allege that comes close</u> to an issue of due process is that he was thrown out of the Heliport because he brought a lawsuit. You have to connect that with the state actor, which is the Trust ... So you need to show that the trust deprived him of a right under

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                               -12-

the due process clause, deprived him of due process of law.

MR. HANTMAN: That is correct.(Transcript, pages 29, 30-31, emphasis added)

The Court also made it clear that in order to allege this due process claim in a manner that will survive this motion to dismiss, the Plaintiffs would be required to make specific, factual allegations of intentional misconduct by the Trust:

> THE COURT: I am just looking to see if there is an allegation that rises to the statement of a claim under [Section] 1983 because that's what brings them into federal court, a federal question. . . . I have tried to identify a due process claim, but <u>I do not see any allegation that the Trust deprived the plaintiff, of any factual allegation that shows that the Trust, which is the state actor, deprived the plaintiff of due process of law</u>. Accordingly, there is no viable claim of federal wrong. I will give you one more opportunity to try to focus on the only federal claim that you can make, and <u>allege facts</u> sufficient to state a claim against the Trust, which is the only state actor here. (Transcript, pages 35-36, emphasis added)

On May 12, 2008, after the date the Court set for Plaintiffs to serve their third Amended Complaint, Plaintiffs' counsel, Robert Hantman, Esq., sent an e-mail to counsel for APH, Leon Friedman, Esq., as follows:

> Mr. Roth has advised me that he wants to dismiss all claims in the Federal case without prejudice and without costs immediately.
> Regards, rjh.

Mr. Friedman subsequently forwarded a stipulation of dismissal to counsel for the Trust, who executed it and forwarded it to Mr. Hantman. However, Plaintiff Roth apparently changed

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final        -13-

his mind and his counsel thereafter proceeded to serve the third Amended Complaint which is the subject of this motion.

Despite the Court's ruling and the Court's explicit instructions at oral argument, the third Amended Complaint once again re-alleges all of the causes of action that the Court repeatedly stated that it would not consider, but still wholly fails to allege any specific factual allegations of intentional conduct by the Trust which deprived the Plaintiffs of a constitutional right. Without such specific factual allegations, the Amended Complaint once again fails to state a federally cognizable cause of action.

## ARGUMENT

### POINT ONE

### THE INSTANT AMENDED COMPLAINT FAILS TO ALLEGE A FEDERAL CLAIM AGAINST THE TRUST

The third Amended Complaint once again fails to state a cause of action against the Trust for the one possible claim identified by the Court, i.e., specific, intentional actions which deprived the Plaintiffs of a constitutional right:

> THE COURT: We are talking about the Trust. You have to involve the Trust in some violation of your client's constitutional rights in order to sue under [Section] 1983. . . . I am suggesting you need to tell me something which shocks the conscience <u>which the Trust did, not just that they overlooked</u>.
>
> MR. HANTMAN: I think there is a litany of things alleged.
>
> THE COURT: That doesn't help me. I want you to recite what it is. Just tell me one deprivation in the litany, because I read your complaint and I am trying to focus on what it is that you are really complaining

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -14-

> about under the Constitution. . . . Cases are made up of facts.
> [Transcript, pages 13, 16, emphasis added].

Since Plaintiffs have failed to submit any memorandum setting forth how the third Amended Complaint differs from the second, a copy of the third Amended Complaint with marginal notes containing citations to the second Amended Complaint is annexed as Exhibit "A." The third Amended Complaint, it will be observed, contains, to a great extent, a *verbatim* repetition of the allegations of the second Amended Complaint, though the paragraphs are to some extent rearranged and renumbered, which paragraphs, the Court has already determined, failed to allege any federal claim.

The only allegations not already contained in the second Amended Complaint appear at paragraphs "62" through "97" of the third Amended Complaint under the heading "III. Previous Litigation and History Among the Parties." None of those paragraphs contain any specific, factual allegations of intentional acts on the part of the Trust which arguably violated Plaintiffs' constitutional rights, as the Court directed. Instead, they contain mostly conclusory allegations such as those in paragraph "62" which alleges that "NYHC has been improperly discriminated against and arbitrarily denied operating rights at the Heliport since May 6, 2007, for among other reasons, refusing to drop a pending State lawsuit, complaining to the HRPT regarding APH's activities, and for joining in with other helicopter operators in complaints to APH." Neither that paragraph nor any other paragraph alleges any facts to show that the Trust was responsible for any such action or that the Trust intentionally directed or participated in any such action. Nor does it allege that the kind of "discrimination" that NYHC allegedly suffered – not being

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final

-15-

permitted to use the Heliport or being charged allegedly excessive fees – was constitutionally prohibited. Indeed it does not even allege that any of the other operators with which it allegedly joined in its complaints about the Heliport were similarly denied access, which in itself belies Plaintiffs' claim of unlawful retaliation or discrimination.

Paragraph "65" alleges that Air Pegasus, <u>and not the Trust</u>, terminated NYHC's use of the Heliport on May 6, 2007, but it does not allege that the termination was in retaliation for the State Court Action, let alone that the Trust was responsible for it.

Paragraph "69" alleges that NYHC's "rights to utilize the West 30th Street Heliport were terminated to accommodate Zip Aviation LLC and other helicopter operators favored by APH", but it fails to allege any specific action by the Trust with respect to such termination, or to show how such action violated Plaintiffs' constitutional rights. Moreover, the allegation that the termination was to accommodate another operator contradicts Plaintiffs' claim that it was in retaliation for Plaintiffs' State Court Action. The claim is also belied by the Trust's December 2006 approval of both Zip Aviation LLC and NYHC as sightseeing operators, Exhibit "F."

Paragraph "72" alleges that "the state is involved in some [undefined and non-specific] aspects of the operations" of the Heliport, because the Heliport is "public."

Paragraph "74" alleges that the Trust supervises the Heliport and oversees compliance with FAA regulations, notwithstanding the provisions of the Permit which provide otherwise. Paragraph "74" does not allege any violation of FAA regulations or any allegedly unlawful act by the Trust.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -16-

Paragraph "75" alleges that the Trust "oversees" Air Pegasus' pricing but fails to allege any specific action by the Trust with respect to such pricing and fails to note the provisions of the Permit which contradict that allegation.

Paragraph "77" alleges that the Trust "has the power to prohibit a charge or action" if it does not comply with the Permit, but fails to allege any legal obligation to do so. Moreover, as noted above, any claim by Plaintiffs based on the provisions of the Permit is expressly prohibited by paragraph "50" of the Permit itself which states that it "*shall not confer upon any person or entity other than the parties hereto any rights or remedies hereunder.* (Emphasis added.)

Paragraph "78" alleges that Air Pegasus, and not the Trust, raised its fees. It does not allege any intentional action by the Trust with respect to such increase.

Paragraph "79" alleges that Air Pegasus, and not the Trust, enforced the rate increases against selected designated operators. It fails to allege that the Trust took any action with respect to the fee increases. In fact, the Appellate Division previously held that the rate increases were not applied selectively. See *Sightseeing Tours of America, Inc., et. al. vs. Air Pegasus Heliport, Inc., et. al.*, 40 A.D.3d 354, 355, 835 N.Y.S.2d 561 (1st Dept. 2007).

Paragraph "80" alleges that NYHC complained to the Trust, and Paragraph "81" alleges that the Trust was "aware" of Air Pegasus' allegedly discriminatory pricing. However, as noted in our earlier papers, the Appellate Division, First Department has previously held that the Trust was not responsible for the fees at the Heliport and that the fee increase about which Plaintiffs complain did not violate any constitutional right of any operator and were not discriminatory, and this Court has previously held that the fee increases implicated no federal right.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -17-

Paragraphs "85" through "89" allege that NYHC called, wrote and e-mailed the Trust and that the Trust took no action in response thereto. Notably, Paragraph "87" alleges that the Plaintiffs did not notify HRPT about APH's action to terminate Plaintiffs' use of the Heliport until May 7, 2007, the day <u>after</u> Air Pegasus – <u>not the Trust</u> – took that action. None of these paragraphs allege any intentional conduct by the Trust with respect to the termination.

Paragraph "95" alleges that the Trust has not intervened with Air Pegasus to compel Air Pegasus to allow NYHC's use of the Heliport for charter operations, but once again cites no intentional conduct on the part of the Trust, nor any basis for a claim that the Trust was legally, let alone constitutionally, obligated to do so. Indeed, it does not even allege that the Trust had the right to do so.

Paragraph "96" alleges that Plaintiffs sued the Trust in the State Court Action for refusing to intervene in the dispute between the Plaintiffs and Air Pegasus, virtually the identical claim it makes here. Not only is the relevance of that allegation to this action completely inscrutable, but the Amended Complaint fails to point out that the Supreme Court has previously denied its application for a preliminary injunction, part of Exhibit "D," holding that NYHC had no likelihood of success on the merits, that its potential injuries are far from irreparable and could be compensated, if at all, with money damages, and, given NYHC's being "less than credible in its description of its own actions leading to the termination of its rights to use the West 30th Street Heliport," the balance of equities were not in its favor.

The foregoing is a summary of the only allegations in the third Amended Complaint not previously pleaded by Plaintiffs. Nowhere in these paragraphs do Plaintiffs allege any intentional

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                    -18-

act on the part of the Trust which deprived Plaintiffs of any right under the Constitution. Nowhere do Plaintiffs allege any intentional act by the Trust in retaliation for Plaintiffs' commencement of the State Court Action, or indeed in retaliation for anything else – which is what the Court previously held was the *only* possible basis for a federally cognizable claim under 42 U.S.C. §1983. Indeed, the third Amended Complaint continues to allege that it was non-party Air Pegasus, and not the Trust, which terminated NYHC's use of the Heliport, and alleges in paragraph "69" that the termination was "to accommodate . . . operators favored by APH," and not in retaliation for the State Court Action.

Thus, the Plaintiffs have, once again, failed to allege any conduct by the Trust which constitutes a violation of Plaintiffs' constitutional rights so as to give this Court jurisdiction over the subject matter of this action. Since Plaintiffs have now had not one, but four bites at the apple and have still failed to allege any federal claim, this Court should now dismiss this action, once and for all.

POINT TWO

THE TRUST, AS A PUBLIC BENEFIT CORPORATION, IS NOT
A STATE ACTOR FOR PURPOSES OF DETERMINING WHETHER
THE PLAINTIFFS' RIGHT TO DUE PROCESS WAS VIOLATED

In order to maintain a claim under 42 U.S.C. §1983, the Plaintiffs must allege and prove that the various acts of which it complains were acts performed by the State of New York or a political subdivision of the State of New York, and which acts deprived the Plaintiffs of a

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                  -19-