protected right. If the Plaintiffs cannot establish that a state actor deprived the Plaintiffs of a constitutional right, then the Plaintiffs cannot prevail.

As previously asserted in the Trust's motions to dismiss the prior complaints, the Trust is a public benefit corporation, separate and distinct from the State of New York; it is neither the State of New York nor a political subdivision of the State of New York, as a matter of law, and is thus not a state actor for purposes of federal jurisdiction. Although this Court has previously indicated that it considers the Trust to be a state actor, the Trust respectfully submits that this conclusion is in error. Because the prior submissions will not be part of the record on this motion, the Trust briefly re-iterates below its basis for that contention.

It is well-established in the New York State Courts that "public benefit corporations are not political subdivisions of the State." See *Methodist Hospital of Brooklyn vs. State Insurance Fund*, 102 A.D.2d 367, 377, 479 N.Y.S.2d 11 (1st Dept. 1984), *aff'd*, 4 N.Y.2d 365 (1985). See also *Lancaster Development, Inc. vs. Power Authority of State of New York, et. al.*, 145 A.D.2d 806, 535 N.Y.S.2d 654 (3rd Dept. 1988), *leave to appeal denied*, 74 N.Y.2d 612, 547 N.Y.S.2d 846 (1989), in which the plaintiff, which had bid on a power project, brought an Article 78 proceeding against the Power Authority of the State of New York, a public benefit corporation. Affirming the Supreme Court's dismissal of the proceeding, the Appellate Division specifically noted the special nature of a public benefit corporation:

> We hold that [the respondent], as a public benefit corporation, created for the general purpose of performing functions essentially governmental in nature, is *not* a State agency, but rather enjoys, at least for some purposes, an existence separate and apart from the State, its agencies and political subdivisions (see, *Grace & Co. v. State Univ. Const. Fund*, 44 N.Y.2d 84, 88), and is an independent

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                                    -20-

> and autonomous public corporation that is able to function with a freedom and flexibility not permitted an ordinary State board, department or commission [citations omitted]. 145 A.D.2d 806. [Emphasis added.]

See also, *Kadish v. Roosevelt Raceway Associates, L.P.*, 183 A.D.2d 874, 584 N.Y.S.2d 592 (2nd Dept. 1992), in which the plaintiff sued the Industrial Development Agency, a public benefit corporation, its lessee, Roosevelt Raceway Associates, L.P., and other defendants, pursuant to §123-b of the State Finance Law, regarding the validity of a lease. In affirming dismissal of the suit, the Court held: ". . . there is no statutory authority which confers standing upon a taxpayer to bring an action against the Industrial Development Agency, a public benefit corporation." 183 A.D.2d at 875. See also, *Matter of Madison Sq. Garden, L.P. v. NY Metropolitan Transportation Authority, et al.* 19 A.D.2d 284 (1st Dept. 2005).

Applying these precedents, the Supreme Court of New York County recently examined the relationship between Air Pegasus and its sightseeing operators, as well as HRPT's status as a public benefit corporation, and specifically held that the Trust is not a state actor. In *Freefall Express, Inc. vs. Hudson River Park Trust, Air Pegasus Heliport, Inc., Air Pegasus of New York, Inc. and Liberty Helicopters, Inc. (N.Y.)*, New York County Index No. 602901-2006, plaintiff, a helicopter operator and user of the Heliport, alleged that HRPT had violated Article 7-A of the New York State Finance Law, which allows private citizens to challenge the misappropriation or waste of state funds by New York State or its agencies. Granting the Trust's motion to dismiss that action, the Court (Rosalyn Richter, J.) held as follows:

> . . . the Appellate Division, First Department, has held that an action under Article 7-A may not be maintained against a public benefit corporation. In Madison Square Garden v. New York

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                    -21-

> Metropolitan Transit Authority, 19 A.D.3d 284, 286 (1st Dept. 2005), the Court concluded that the petitioners could not sue the Metropolitan Transit Authority, a public benefit corporation, "because the MTA is separate from the State." Because HRPT is a public benefit corporation distinct from the State, Freefall cannot maintain an Article 7-A action against it. Thus, HRPT's cross-motion to dismiss the complaint is granted.

In another action involving the Trust, the Supreme Court of New York County reached a similar result earlier this year in *Pier 59 Studios, L.P. vs. Hudson River Park Trust, et. al.*, New York County Index No. 107837-2006.[8] In that action, Pier 59 asserted three causes of action, one of which claimed that HRPT had violated State Finance Law §123-b, the same statute as was the basis of *Freefall Express, supra*. Granting HRPT's motion for summary judgment, the Court (Shirley Werner Kornreich, J.) held:

> The court agrees that State Finance Law §123-b does not apply to the Trust, as it is a public benefit corporation and its funds are not state funds. General Construction Law §66(4) defines a public benefit corporation as "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof." *Public benefit corporations are "not identical to the State or any of its agencies, but rather enjoy...an existence separate and apart from the State, its agencies and political subdivisions." John Grace & Co., Inc. v. State University Construction Fund*, 44 N.Y.2d 84 (1978). [Other citations omitted, emphasis added.]

Therefore, since the Trust is neither the State nor a political subdivision of the State, 42 U.S.C. §1983 has no application to this case.

---

[8] Copies of the *Freefall Express, Inc.*, and *Pier 59 Studios, L.P.*, decisions, which are unpublished, are annexed hereto.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                              -22-

## POINT THREE

### PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER CPLR ARTICLE 78 AGAINST THE TRUST IN THIS COURT

As the Court has previously recognized, if there is no basis for federal jurisdiction as a matter of law, the remaining claims asserted under state law must be dismissed as well. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). The remaining claims asserted by Plaintiffs against HRPT must also be dismissed because they seek redress pursuant to the New York State Civil Practice Law and Rules ("CPLR") Article 78 ("Proceeding against Body or Officer") which, as the Court has previously acknowledged, is not within the purview of this Court. CPLR Article 78 supersedes and incorporates the former writs of certiorari, mandamus, and prohibition, and permits certain parties to compel a public body to perform a ministerial act, to prevent the actions of a public body in a proceeding for prohibition, or to enjoin arbitrary or capricious determinations by public bodies.

The relief sought in this action, in which Plaintiffs seek to enjoin the Trust from acting in various ways that Plaintiffs claim are prohibited, or to compel the Trust to act in certain ways which Plaintiffs allege are required by law, would be available in state court, if at all, only under Article 78. Regardless of whatever substantive merit such claims may have -- and HRPT submits that there is none -- this Court lacks jurisdiction to grant relief for such claims.

It is well-established that federal courts lack jurisdiction to grant relief under Article 78. In *Birmingham vs. Ogden*, 70 F.Supp.2d 353, 370 (S.D.N.Y. 1999), for example, a police officer brought suit against the police chief and city, claiming, *inter alia*, that his dismissal violated due process. The U.S. District Court (McMahon, J.), held that the plaintiff's due process claim could

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                -23-

survive a motion to dismiss only if New York law did not provide a procedure to remedy arbitrary acts. Article 78 of the CPLR, however, provides such a procedure:

> Plaintiff has no claim for denial of due process because the availability of an Article 78 proceeding constitutes an adequate post-deprivation remedy for any of the alleged due process violations, or for all of them taken together. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2nd Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ... plaintiff, having failed to take advantage of [Article 78], "can find little comfort in the general rule that §1983 allows plaintiffs with federal or constitutional claims to sue in federal court without first exhausting judicial or administrative remedies." *Hellenic Am. Neighborhood Action Comm.*, 101 F. 3d at 881 ... There is no constitutional violation when the state affords an adequate post-deprivation remedy for a random, arbitrary deprivation of property or liberty. *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S.Ct. 975, 108 L.Ed.2d 100 [other citations omitted].

Moreover, as Judge Cote held in *Morningside Supermarket Corp. v. New York State Department of Health,* 432 F. Supp. 334, 346 (S.D.N.Y. 2006),

> It is doubtful. . . that claims under Article 78 are even amenable to a federal district court's supplemental jurisdiction. Three district courts in this Circuit have recently concluded that Article 78 claims brought in federal court "must be dismissed for lack of subject matter jurisdiction, as New York State has not empowered the federal courts to consider such claims." *Blatch ex. rel. Clay v. Hernandez*, 360 F.Supp.2d 595, 637 (S.D.N.Y. 2005); see also *Beckwith v. Erie County Water Auth.*, 413 F.Supp.2d 214, 226 (W.D.N.Y. 2006); *Cartagena v. City of New York*, 257 F.Supp.2d 708, 710 (S.D.N.Y. 2003).

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                              -24-

Judge Cote also observed that even where there is an independent basis to allow exercise of supplemental jurisdiction, there are compelling reasons for federal courts to decline to exercise such jurisdiction over Article 78 proceedings:

> Because accepting supplemental jurisdiction over such claims requires a federal court to "usurp the statutory authority bestowed upon the New York state courts," *Adler v. Pataki*, 204 F. Supp.2d 384, 396 (N.D.N.Y. 2002) (citation omitted), "federal courts are loath to exercise jurisdiction over Article 78 claims." *Birmingham v. Ogdan* 70 F.Supp.2d 353, 372 (S.D.N.Y. 1999)."

Therefore, for this additional reason, the causes of action which seek relief against HRPT in the nature of mandamus or prohibition pursuant to CPLR Article 78, must be dismissed.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final         -25-

## CONCLUSION

As demonstrated above, this action is without merit as a matter of law. This Court lacks jurisdiction over the subject matter of the action, which requires dismissal of not only the federal claims but also the ancillary state law claims as well. In addition to the above arguments, the Trust incorporates by reference all of the arguments previously made by both the Trust and APH with respect to the first three complaints to the extent that those arguments apply to the instant Amended Complaint. We will not, however, burden the Court by repeating those arguments once again. Suffice to say that HRPT's motion to dismiss this action, and each and every cause of action asserted against it in the Amended Complaint, should be granted.

Dated: New York, New York
       July 17, 2008

                                            Konner Teitelbaum & Gallagher

                                            By: _____
                                                Michael A. Gould, Esq.
                                          Attorneys for Defendant HRPT
                                          462 Seventh Avenue, 12th Floor
                                          New York, New York 10018
                                          212-697-8500

Of Counsel:   Brian P. Gallagher, Esq.
                   Elliot L. Evans, Esq.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Memo of Law - final                 -26-