UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NEW YORK HELICOPTER CHARTER, INC.
and MICHAEL ROTH individually,

                Plaintiffs,

    -against-                               Case No. 07-Civ.-4069 (MGC)

AIR PEGASUS HELIPORT, INC., and
HUDSON RIVER PARK TRUST,

                Defendants.
-----------------------------------------------------------x


REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT


Konner Teitelbaum & Gallagher

By: _____
Michael A. Gould, Esq.
Attorneys for HUDSON RIVER PARK TRUST
462 Seventh Avenue, 12th floor
New York, New York 10018
212-697-8500

TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 3 |
| THE PLAINTIFFS' MEMORANDUM DOES NOT PRESENT ANY DEFENSE TO THE TRUST'S MOTION | 4 |
| CONCLUSION | 9 |

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Defendant HUDSON RIVER PARK TRUST[1] in support of its motion pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Plaintiffs' latest Amended Complaint on the ground that the United States District Court lacks jurisdiction over the subject matter of the action and that the Amended Complaint fails to state a claim upon which relief may be granted, as a matter of law.

The Plaintiffs in their Memorandum of Law and exhibits in opposition to the Motion now finally withdraw their claims pursuant to Article 78 of the New York Civil Practice Law and Rules.[2] Although this limits the scope of the Amended Complaint, the Plaintiffs have wholly failed to comply with the Court's repeated and explicit instructions to make specific, factual allegations regarding the one remaining issue: whether the Trust ejected the Plaintiffs from the Heliport in retaliation for bringing a lawsuit in State Court. The Plaintiffs fail to so allege. Rather, they allege only that the Trust "permitted and approved" actions by APH, without any allegation or evidence that the Trust had any role whatsoever in those actions.

Having failed to comply with the Court's directive, the Plaintiffs proffer a litany of arguments which the Court has either not authorized or already rejected, none of which demonstrate any valid federal claim against HRPT.

---

[1] Unless otherwise indicated, all defined terms herein will have the same meanings as in the Trust's Main Motion Papers.
[2] Plaintiffs' Memorandum of Law, page "7."

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final                    -3-

## THE PLAINTIFFS FAIL TO PRESENT
## ANY DEFENSE TO THE TRUST'S MOTION

Following argument of the Defendants' motions to dismiss the Plaintiffs' (second) Amended Complaint, the Court specifically held that the (second) Amended Complaint presented only a single possible cause of action against the Trust, viz. that the Trust allegedly deprived the Plaintiffs of due process by refusing to allow the Plaintiffs to use the Heliport in retaliation for the Plaintiffs suing the Defendants in State Court. (See the Transcript, Exhibit "E" to Motion, at pages 7-8, 24, 29, and 30-31). At pages 30-31 of the Transcript, the Plaintiffs' counsel agreed with the Court's foregoing interpretation.

Although the Court held that the second Amended Complaint did not so allege, it did not dismiss the action, but instead granted the Plaintiffs one final "bite at the apple." In so doing, it held that in order to survive a motion to dismiss, it was incumbent upon the Plaintiffs to plead specific, factual allegations of intentional misconduct by the Trust which violated the Plaintiffs' right to due process.

As demonstrated in the moving papers, the Amended Complaint is devoid of such factual allegations. Instead, the Plaintiffs have simply rearranged and repleaded the same allegations which this Court has already rejected. The only allegations in the Amended Complaint not previously pleaded, i.e., paragraphs 62-97 thereof, completely fail to meet the Court's requirement that the Plaintiffs identify specific, intentional torts committed not by APH, but by the Trust.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final

-4-

Now, in opposing the Trust's motion, the Plaintiffs' Memorandum seeks to embellish its claims by asserting a number of other allegations which still fail to comply with the Court's directive, and, in any event, all lack substantive merit.

Attempting to create some sort of contractual obligation where none exits, the Plaintiffs now assert that the requirement in the Permit that APH notify the Trust of fee increases somehow constitutes a requirement that the Trust must approve such increases. This argument, however, confuses Section "4" of the Permit, which requires APH to notify the Trust of its <u>fees</u>, with Section "3," which gives the Trust the right to approve APH's <u>contracts</u>.[3] The two are completely different. In fact, the Permit does not give the Trust the right to approve APH's fees, and Plaintiffs have submitted no evidence that it did so.

Proceeding from this false premise, the Plaintiffs then argue that Air Pegasus' imposition of fees was discriminatory, although the Plaintiffs never allege that the fees they were charged were any different from those charged to other operators. Moreover, this same claim was asserted in New York State Court by Liberty Helicopters, which, ironically, is the company that Mr. Roth alleges was granted favorable treatment by APH. (See Affidavit of Michael Roth sworn to on September 17, 2007, submitted in opposition to the motion to dismiss the original May 24, 2007, complaint and resubmitted in opposition to this motion.) In affirming the dismissal of that action, the Appellate Division, First Department, held that Heliport operators have no right to use the Heliport at given rates, and specifically rejected the claim that the fee increases were discriminatory, since Air Pegasus imposed its fee increases "across the board". *Sightseeing*

---

[3]Plaintiffs' Memorandum, pages 8-9.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final                -5-

*Tours of America, Inc. vs. Air Pegasus Heliport, Inc.*, 40 A.D.3d 354, 835 N.Y.S.2d 561 (1st Dept. 2007).

Furthermore, as the Court in *Sightseeing Tours* recognized, even if the Trust had the right to review fees, the Permit specifically prohibits any third-party operator – such as Plaintiffs– from asserting any rights under the Permit. (See Permit, Section 50). Plaintiffs' attempt to do so is, therefore, without merit as a matter of law.

Thus, Plaintiffs' allegations that the Trust "knew about," "acquiesced in," "encouraged," "consented to", "and/or disregarded" APH's fee increase is contradicted by the documentary proof, and in any event completely fails to comply with the Court's directive that Plaintiffs must "tell [the Court] something which shocks the conscience which the Trust did, not just that [the Trust] overlooked." They therefore fail to provide any basis for sustaining this action.

Likewise, the Plaintiffs have failed to allege any facts to support a claim that the Trust expelled the Plaintiffs from the Heliport in retaliation for the Plaintiffs' commencing a lawsuit. Plaintiffs' reliance on *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), and *DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003), is without merit because those cases are completely distinguishable on their facts. Here, unlike those cases, there is no allegation or proof that the Trust acted maliciously or arbitrarily, or for the purpose of injuring Plaintiffs. Nor is there any allegation that the Trust took any action to terminate Plaintiffs' use of the Heliport, let alone in retaliation for the commencement of the State Court Action. On the contrary, Exhibit "C" to the Motion is the Settlement Agreement resolving litigation entitled *New York Helicopter Charter, Inc. vs. Air Pegasus Heliport, Liberty Helicopters, Inc., and Hudson River Park Trust*, New York

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final

-6-

County Index No. 603773/2004, in which Air Pegasus granted the Plaintiffs a "non-exclusive right" to conduct charter tours from the Heliport. In that agreement, the Plaintiffs <u>expressly granted</u> Air Pegasus the right to terminate the Plaintiffs' operations at the Heliport, "without notice or opportunity to cure," upon the Plaintiffs' default in the terms of the parties' settlement. Air Pegasus later exercised that right.

There is no allegation or proof that the Trust had anything to do with that action by Air Pegasus, or even that it knew about it in advance. Indeed, Paragraph "87" of the present Amended Complaint itself alleges that the Plaintiffs did not notify HRPT about APH's action to terminate Plaintiffs' use of the Heliport until May 7, 2007, the day <u>after</u> Air Pegasus took that action. Nowhere in the Complaint is there any allegation of any intentional conduct by the Trust with respect to the termination.

Furthermore, as indicated in the moving papers, the Plaintiffs had previously commenced another action, *New York Helicopter Charter, Inc. vs. Air Pegasus Heliport, Inc., Air Pegasus New York, Inc. & Hudson River Park Trust*, New York County Index No. 601327-2006 on or about April 18, 2006, seeking, *inter alia*, a declaratory judgment and an injunction to prevent Air Pegasus from terminating its purported rights to conduct operations at the Heliport.[4] Plaintiffs thereafter moved for a preliminary injunction, prohibiting Air Pegasus from terminating their right to use the Heliport. The Supreme Court rejected that claim, and the Plaintiffs thereafter failed to appeal or otherwise prosecute that action. Instead, they effectively abandoned it by allowing it to become inactive, and commenced this action, presumably hoping to obtain a more

---

[4] The Summons and Complaint in that action are Exhibit "D" to Motion.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final                                   -7-

favorable outcome from this Court.

Thus, there remains no basis for Plaintiffs' present claim that the Trust violated their Constitutional rights by terminating their operations at the Heliport. Whatever actions were taken were done by Air Pegasus, and the evidence plainly contradicts Plaintiffs' allegations that the Trust did anything in retaliation for the State Court Action commenced by Plaintiffs.

Finally, the Plaintiffs' "Point Three" alleges tortious interference with contracts, an entirely new claim, completely beyond the Court's directives to allege facts regarding a violation of due process. Obviously this does not constitute a violation of due process. Indeed, Plaintiffs' implicitly acknowledge that there is no constitutional tort for interference with contracts, and instead assert that they rely on supplemental jurisdiction that the Court may exercise if some other basis for federal jurisdiction exists. However, since there is no other basis for federal jurisdiction, this claim is without merit.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final

-8-

## CONCLUSION

As demonstrated above and in the moving papers, this Court lacks jurisdiction over the subject matter of this action, and the Amended Complaint fails to state a claim upon which relief may be granted as a matter of law. Therefore, the Amended Complaint should be dismissed.

Dated: New York, New York
August 26, 2008

                                                Konner Teitelbaum & Gallagher

                                                By: _____
                                                      Michael A. Gould, Esq.
                                              Attorneys for Defendant HRPT
                                              462 Seventh Avenue, 12th Floor
                                              New York, New York 10018
                                              212-697-8500

Of Counsel:    Brian P. Gallagher, Esq.
                     Elliot L. Evans, Esq.

M:\common\docs\HudsonRiverPark\6183.0002.001\
SDNY motion to dismiss 4th Amended Complaint
Reply Memo of Law -final             -9-