```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NEW YORK HELICOPTER CHARTER, INC.,
and MICHAEL ROTH,

                Plaintiffs,          MEMORANDUM OPINION
                                     AND ORDER
        -against-
                                     07 Civ. 4069 (MGC)

AIR PEGASUS HELIPORT, INC., and
HUDSON RIVER PARK TRUST,

                Defendants.

-----------------------------------X

APPEARANCES:

        HANTMAN & ASSOCIATES
        Attorneys for Plaintiffs
        1414 Avenue of the Americas, Suite 406
        New York, New York  10019

        By:  Robert J. Hantman, Esq.


        KONNER TEITELBAUM & GALLAGHER
        Attorneys for Defendant Hudson River Park Trust
        462 Seventh Avenue, 12th Floor
        New York, New York  10018

        By:  Michael A. Gould, Esq.
             Brian P. Gallagher, Esq.
             Elliot L. Evans, Esq.
```

**Cedarbaum, J.**

New York Helicopter Charter, Inc., and Michael Roth, its president (collectively "New York Helicopter"), sue the Hudson

1

River Park Trust[1] (the "Trust") for deprivation of rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment, and for various claims under state law. The Trust moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6) for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, the motion is granted.

Familiarity with the facts and procedural history is assumed. The plaintiffs have been given every possible opportunity to state a claim. The fourth version of the complaint does not allege sufficient facts to state a claim for deprivation of constitutional rights by a state actor.

On a motion to dismiss for failure to state a claim, a court must accept the allegations as true and draw all reasonable inferences in favor of the plaintiff. Gibbons v. Fronton, 553 F. Supp. 2d 449, 452 (S.D.N.Y. 2008). For the purposes of this motion, I assume that the Trust is a state actor.[2]

New York Helicopter's federal claims are that (1) they were deprived of their equal protection rights because similarly situated charter companies have received better discounts on use

---
[1] By order dated March 6, 2008, the motion to dismiss of Air Pegasus Heliport, Inc., was granted. New York Helicopter was given leave to amend the complaint as to its claims against the Trust.

[2] The Trust has cited several cases from the state of New York finding that, for state-law purposes, the Trust is not a state actor. However, the issue in this case is whether the Trust is a state actor under federal law.

2

of the heliport; (2) they were deprived of due process of law by the imposition of a ten-dollar-per-passenger fee; and (3) they were deprived of due process of law by their ouster from the heliport in retaliation for their refusal to drop a state-court lawsuit.

According to the complaint, however, it was the heliport operator, Air Pegasus Heliport, Inc. ("Air Pegasus"), and not the Trust, that directly caused all of the harms of which New York Helicopter complains. Air Pegasus controlled the allegedly discriminatory discount and pricing practices. Air Pegasus imposed the ten-dollar-per-passenger fee. And it was Air Pegasus who ousted New York Helicopter from the heliport, allegedly in retaliation for the state-court lawsuit. Air Pegasus is a private entity, not a state actor, and has already been dismissed from the case. The complaint fails to make any allegations in which the Trust did something that directly harmed New York Helicopter.

The complaint alleges that the Trust should have held an open bidding process to award the contract for the heliport operator. Instead of doing so, the Trust has granted Air Pegasus a month-to-month extension of the permit, which expired some time ago. The complaint also alleges that the Trust enjoys a significant revenue stream from Air Pegasus. None of these allegations, taken as true, demonstrates that the Trust

3

controlled or "acted in concert with" Air Pegasus in allegedly violating New York Helicopter's rights. Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992).

The permit under which the Trust grants operating rights to Air Pegasus was attached to the complaint. On a motion to dismiss for failure to state a claim, a contract integral to the complaint may be considered. Broder v. Cablevision Sys., 418 F.3d 187, 196 (2d Cir. 2005). The permit shows that the Trust had limited control of Air Pegasus' actions.

Section 4 of the permit grants Air Pegasus the right to set its own rates. The Trust could not control the discounts or fees charged by Air Pegasus. Sections 5 and 34 of the permit state that Air Pegasus will perform the work and services typically furnished by a fixed-base operator. Nothing in the permit's language indicates that the Trust could oust a charter company from the heliport.

Under Section 18 of the permit, the Trust may terminate Air Pegasus's contract if Air Pegasus fails to perform the requirements of the permit. One such requirement is that Air Pegasus must provide heliport services on a fair, equal, and non-discriminatory basis. Assuming that Air Pegasus acted in a discriminatory manner toward New York Helicopter, the Trust had the authority under Section 18 to terminate Air Pegasus's permit. New York Helicopter is essentially complaining that the Trust

should have terminated Air Pegasus's permit, or should have used the threat of termination to force Air Pegasus to treat New York Helicopter fairly.

The fact that the Trust failed to intervene does not in this case deprive plaintiffs of Fourteenth Amendment rights. In DeShaney v. Winnebago County Department of Social Services, the Supreme Court observed that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without due process of law, but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." 489 U.S. 189, 195 (1989).

Air Pegasus is not a completely independent private actor, such as the father who beat his son in DeShaney. Where the state is entwined with the private actor, there can be exceptions to the general rule of DeShaney. For instance, if the state assisted in or added to the danger that harmed the plaintiff, the state might be liable for failing to intervene. Matican v. City of New York, 524 F.3d 151, 155 (2d Cir. 2008). However, New York

Helicopter has not alleged any facts that bring this case within the limited exceptions.

Accordingly, the Trust's motion to dismiss the federal claims is granted. And because all of the federal claims are dismissed before trial, the state claims are dismissed as well, without prejudice. <u>Motorola Credit Corp. v. Uzan</u>, 388 F.3d 39, 56 (2d Cir. 2004). New York Helicopter has a dormant action pending in state court, and my ruling today does not prevent plaintiffs from continuing their state-law claims in state court. The clerk is directed to close this case.

SO ORDERED.

Date:     New York, New York
          September 25, 2008

                              S/_____
                                MIRIAM GOLDMAN CEDARBAUM
                                United States District Judge